# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-01-00377-CV

---

**Edwin E. Alder, Appellant**

**v.**

**Sandra Laurel and Albertson, Snow & Laurel, L.L.P., Appellees**

---

### FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT
### NO. C98-575C, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

---

Appellant Edwin Alder appeals the district court's order granting appellees' summary judgment and the court's denial of his motion for new trial. Alder contends the trial court erred by (1) improperly disposing of his claims, as they were not addressed in appellees' motion for summary judgment, (2) granting appellees' no evidence motion for summary judgment despite Alder's summary judgment evidence in the form of seven interrogatory answers, and (3) granting summary judgment on claims not challenged in the summary judgment motion. We will reverse the trial court's judgment and remand the cause for further proceedings.

## BACKGROUND

In May 1997, Alder was involved in a car accident. In September, Alder hired appellee Sandra Laurel, a lawyer in the firm of Albertson, Snow & Laurel, L.L.P., to represent him in his personal injury action against the driver. Alder alleges the parties signed a contingency fee

agreement (the "agreement") in return for Laurel's oral promise to loan Alder $9000. A dispute arose when Laurel refused to loan Alder the money, and they terminated the agreement.

Alder filed suit against Laurel seeking a declaratory judgment that the contingent fee arrangement was unenforceable. Alder claimed that Laurel breached the fee agreement by (1) refusing to fund the loan; (2) failing to disclose her conflicts of interest, thereby invalidating the agreement; (3) terminating the agreement voluntarily and for cause; and (4) performing inferior work on his case. Alder also sought a declaratory judgment to prevent Laurel from collecting a fee from the proceeds of his personal injury suit. Finally, Alder alleged that Laurel violated the Deceptive Trade Practices Act ("DTPA") through her misrepresentations and unconscionable actions regarding the loan agreement, as well as her subsequent refusal to withdraw from representation. Alder did not assert any cause of action against Laurel based upon negligence.

In March 1999, the trial court signed an agreed order severing Alder's claims against Laurel from those against the defendant driver in the personal injury suit. In February 2001, Laurel filed a no evidence motion for summary judgment as to Alder's claims against her and the firm arising out of *negligence*, which the trial court granted.

## STANDARD OF REVIEW

Rule 166a(i) allows the party without the burden of proof to move for summary judgment on the ground that the nonmovant lacks evidence to support an essential element of the nonmovant's claim. Tex. R. Civ. P. 166a(i). Under a no evidence motion, the movant can file for summary judgment without tendering any proof. *Id.* The nonmovant then has the burden to present

2

enough evidence to take the case to the jury. *Id.* If the nonmovant fails to present more than a scintilla of evidence, the court must grant the motion for summary judgment. *Jackson v. Fiesta Mart*, 979 S.W.2d 68, 70-71 (Tex. App.—Austin 1998, no pet.). More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *See id.; Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997), *cert. denied*, 525 U.S. 1017; *Mansfield v. C.F. Bent Tree Apartment Ltd. P'ship*, 37 S.W.3d 145, 149 (Tex. App.—Austin 2001, no pet.).

A no evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no evidence summary judgment as we apply in reviewing a directed verdict. *Jackson*, 979 S.W.2d at 70. Like a directed verdict, then, the task of the appellate court is to determine whether the plaintiff has produced any evidence of probative force to raise fact issues on the material questions presented. *Id.* The appellate court must consider all of the evidence in the light most favorable to the party against whom the no evidence summary judgment was rendered; every reasonable inference must be indulged in favor of the nonmovant, and any doubts resolved in its favor. *Id.*

A motion for summary judgment must stand or fall on the grounds expressly presented in the motion. Tex. R. Civ. P. 166a(i); *see also McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). Granting a motion for summary judgment on a cause of action not addressed in the motion constitutes reversible error. *See Mafrige v. Ross*, 866 S.W.2d 590, 591 (Tex. 1993).

3

**DISCUSSION**

In his first issue, appellant contends that the trial court erred in granting Laurel's motion for summary judgment and in denying his motion for new trial because Laurel's motion for summary judgment was based on claims not alleged in appellant's original pleadings. Alder's petition requests declaratory relief and alleges a violation of the DTPA. However, Laurel's motion for summary judgment does not challenge the claims alleged in his pleadings but instead addresses only a negligence claim, a theory of recovery not alleged in Alder's petition. The substance of the motion states, "An essential element of plaintiff's cause of action is that he must prove that he sustained an injury and damages proximately caused by defendant's *negligence.* In the instant case, plaintiff has no evidence that plaintiff sustained an injury and/or damages on the occasion in question." (Emphasis added.) Alder asserts that as Laurel's motion for summary judgment is limited to negligence, it does not address his DTPA and declaratory judgment claims. Thus, Alder contends the trial court erred in granting Laurel's motion for summary judgment based only on a cause of action not pleaded in his petition.

In response, Laurel argues she "inadvertently use[d] the word negligence" in the motion, but that she also stated in the motion that she was relying on all pleadings as summary judgment evidence. Laurel maintains that Alder had notice of the grounds for summary judgment and that Alder produced no evidence raising a genuine issue of material fact as to the elements of his causes of action in order to defeat her no evidence motion for summary judgment.

The Texas Supreme Court has held that judgment cannot be granted on grounds not alleged in the motion for summary judgment. *McConnell*, 858 S.W.2d at 341; *Mafrige*, 866 S.W.2d

4

at 591. Some courts of appeals have strictly interpreted this holding to mean that, even though a cause of action may not be viable, a party may obtain summary judgment only on those causes of action expressly addressed in the summary judgment motion. *See, e.g.*, *Smith v. Atlantic Richfield Co.*, 927 S.W.2d 85, 88-89 (Tex. App.—Houston [1st Dist.] 1996, writ denied); *Southwestern Clinic of Bone & Joint Diseases v. Farmers Ins. Group*, 850 S.W.2d 750, 754 (Tex. App.—Corpus Christi 1993, no writ); *Weaver v. Stewart*, 825 S.W.2d 183, 184-85 (Tex. App.—Houston [14th Dist.] 1992, writ denied); *see also Watkins v. Hammerman & Gainer*, 814 S.W.2d 867, 869 (Tex. App.—Austin 1991, no writ) (judgment must stand or fall on grounds expressly alleged in the motion).

This Court adheres to a strict interpretation of Rule 166a(i) which specifically requires that a no evidence motion for summary judgment state the elements on which there is no evidence. "[A] party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence." Tex. R. Civ. P. 166a(i). Even though a movant may file a brief in support of the motion, the movant must be careful to include all grounds for summary judgment *in the motion itself.* (Emphasis added.) *McConnell*, 858 S.W.2d at 339-42. The supreme court has expressly held that a motion for summary judgment must itself present the grounds upon which it is made, and the movant may not rely on briefs or summary judgment evidence in lieu of that requirement. *Id.* at 341.[1] Thus, a trial court considering a motion for summary judgment is restricted

---

[1] We note that the Fourteenth Court of Appeals has further excluded from consideration any grounds set out in a document that is incorporated by reference into the motion for summary

to the issues raised in the motion, response, and subsequent replies. *Stiles v. Resolution Trust Co.*, 867 S.W.2d 24, 26 (Tex. 1993).

In her motion for summary judgment, Laurel stated that she would rely on the pleadings as summary judgment evidence. Laurel contends that statement was sufficient to address the elements of appellant's DTPA and declaratory judgment claims. When filing a no evidence motion for summary judgment, the moving party relies on the pleadings and alleges that the opposing party cannot possibly establish one of the elements of its pleaded cause of action. *See* Tex. R. Civ. P. 166a(i). However, a party cannot substitute the nonmovant's pleading for the movant's obligation to allege in her motion the specific basis on which she is entitled to judgment. *See McConnell*, 858 S.W.2d at 341. Laurel cannot substitute her challenge to one cause of action for another merely by referring to the original pleadings. *See id.*

While the parties do not raise the issue, we note that where the grounds for summary judgment are not sufficiently specific or are unclear, the nonmovant must specially except to the form of the motion and give the movant an opportunity to amend before the nonmovant can raise the complaint on appeal. *Id.* However, when a motion for summary judgment clearly presents certain grounds but not others, a non-movant is *not* required to specially except. *Id.* at 342; *see also Roberts v. Southwest Tex. Methodist Hosp.*, 811 S.W.2d 141, 146 (Tex. App.—San Antonio 1991, no writ) ("When a motion for summary judgment asserts grounds A and B, it cannot be upheld on grounds C and D, which were not asserted, even if the summary judgment proof supports them and the

judgment. *See Coastal Cement Sand v. First Interstate Credit*, 956 S.W.2d 562, 566 (Tex. App.—Houston [14th Dist.] 1997, writ denied).

6

responding party did not except to the motion."). Alder did not file a special exception to the form of Laurel's motion. However, Alder's response to the motion for summary judgment clearly stated that Laurel's motion was based on a negligence claim, and was therefore inconsistent with Alder's DTPA action and request for declaratory relief. Upon notice of this deficiency in the motion, Laurel had an opportunity to amend her summary judgment motion to correct the mistake, but failed to do so. Because the motion relied on a cause of action not brought by the plaintiff in his original pleadings, it should not have been granted.

Laurel argues for the first time on appeal that Alder had insufficient proof of DTPA damages and that his claims violate the Statute of Frauds. Laurel failed to amend her motion for summary judgment to include these contentions when she was given the opportunity. Laurel cannot raise for the first time on appeal alleged deficiencies in Alder's DTPA and declaratory judgment claims. Tex. R. App. P. 33.1. Laurel's motion for summary judgment failed to address Alder's claims for relief pursuant to the DTPA and his action for declaratory judgment, and thus summary judgment should not have been granted. *See Mansfield v. Ohio Cas. Ins. Co.*, 40 S.W.3d 528, 532 (Tex. App.—Houston [14th Dist.] 2000, pet. dism'd by agr.) (because motion failed to address claims in plaintiff's pleadings summary judgment was improper). Accordingly, we sustain appellant's first issue and do not reach his second and third issues.[2]

---

[2] In appellant's second and third issues, he contends that he provided sufficient evidence to avoid a no evidence summary judgment and that the trial court, in granting summary judgment relief, exceeded the scope of Laurel's motion. We need not address either of these issues.

## CONCLUSION

Because the trial court erred in granting summary judgment on causes of action not addressed in the motion, we sustain appellant's first issue and reverse and remand the cause to the trial court for further proceedings.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Reversed and Remanded

Filed:   February 22, 2002

Publish