Affirmed in Part; Reversed and Remanded in Part and Opinion filed July
31, 2003















Affirmed in
Part; Reversed and Remanded in Part and Opinion filed July 31, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00002-CV

____________

 

ABIODUN HENRI LAGOYE, Appellant

 

V.

 

VICTORIA WOOD CONDOMINIUM ASSOCIATION, GENESIS PROPERTY MANAGEMENT,
GENESIS COMMUNITY MANAGEMENT ALLEGEDLY F/K/A GENESIS PROPERTY MANAGEMENT, TERRY
H. SEARS, ETAN MIRWIS, HARLAN STEIN, AND KIT SNYDER, Appellees

 

__________________________________________

 

On Appeal from
the 270th District Court

Harris County, Texas

Trial Court
Cause No. 01-21180-A

 

__________________________________________

 

O P I N I O
N

            This is an appeal from a nunc pro tunc, no-evidence
summary judgment granted in favor of appellees
Victoria Wood Condominium Association, Genesis Community Management allegedly
f/k/a Genesis Property Management, Terry H. Sears, Etan
Mirwis, Harlan Stein, and Kit Snyder.  Appellant Abiodun
Henri LaGoye claims there are unresolved genuine
issues of material fact and the summary judgment should be reversed.  He argues that he should have been allowed to
late-file responses to requests for admissions. 









Additionally,
he claims that Genesis Community Management should not be a party to this
appeal.

                              I.  Factual
and Procedural Background

            LaGoye,
the plaintiff below, owned a two-bedroom unit in the Victoria Wood Condominium
Project.  The homeowners’ association,
Victoria Wood Condominium Association (the “Homeowners’ Association”)
contracted with a management company, Genesis Property Management, to manage
the building. 

            In February 2001, LaGoye’s condominium sustained water damage, apparently as
a result of a hot water pipe breaking. 
The damage included a caved-in ceiling, warped floors and cabinets, and
waterlogged sheetrock.  As a result of
the accident, LaGoye and his son were forced to move
out of their home.  LaGoye
claimed a subsequent inspection uncovered toxic mold.  

            LaGoye
filed this suit, pro se, against the Homeowners’ Association and three members
of its Board of Directors, Etan Mirwis,
Harlan Stein, and Kit Snyder (collectively, the “Board Members”).  LaGoye also
asserted claims against Genesis Property Management and its on-site property
manager, Terry H. Sears (the “On-Site Manager”), for breach of a contract to
maintain the common area, fraud due to alleged misrepresentations, breach of a
fiduciary duty to expend the Homeowners’ Association’s assessed maintenance fee
in maintaining the property, and alleged violations of the Real Estate
Licensing Act.  LaGoye
later filed an amended petition in which he joined Migura
Insurance Agency and Genesis Community Management as defendants, and added a
breach-of-duty-of-good faith-and-fair-dealing claim, a
breach-of-duty-to-fairly-settle claim, and an unfair-claims-settlement action.[1]  All eight defendants filed an answer to the
amended petition.

            In May 2001, the Homeowners’
Association, Genesis Property Management, and the On-Site Manager served a
request for disclosure on LaGoye.  In June 2001, while LaGoye
was responding to this discovery, the Homeowners’ Association served an
additional request for disclosure as well as a request for production and
requests for admissions.[2]  The responses to the discovery were due on July 16, 2001.[3]  LaGoye did not
timely answer the requests for admissions because, according to his response to
the motion for summary judgment and motion for new trial, he mistakenly
believed he had thirty-three days from date of receipt as opposed to thirty
days from date of service (plus three days due to service by mail).  See
Tex. R. Civ.
P. 21a.  Additionally, LaGoye claims he was under the impression that because he
filed a motion for an extension of time to file discovery responses on July 19, 2001, he had
preserved his right to late-file responses. 
LaGoye’s motion for an extension of time to
respond to this discovery was set for submission, but the trial court never
ruled on it.[4]  Two weeks after his discovery responses were
due, on August 1, 2001, LaGoye filed a “Response and Objections to [the Homeowners’
Association’s] Requests for Admissions.”

            Appellees
filed a no-evidence motion for summary judgment.  LaGoye timely filed
a response.  The trial court granted
partial summary judgment in favor of the Homeowners’ Association, the Board
Members, Genesis Property Management, and the On-Site Manager.[5]  LaGoye filed a
motion for new trial, which was overruled by operation of law.  On the motion of the Homeowners’ Association,
the Board Members, Genesis Property Management, and the On-Site Manager, the
trial court severed the claims against them from the claims against the nonmovants (Migura Insurance
Company and Genesis Community Management), and the partial summary judgment
became final on December 4, 2001. 
Subsequently, the trial court entered a judgment nunc
pro tunc signed on July 29, 2002, apparently because
of an alleged error in the name of one of the parties in the motion for summary
judgment, the summary-judgment order, and the order of severance.[6]  After the parties filed their initial briefs
on appeal, appellees supplemented the record with the
judgment nunc pro tunc.

                                                       II.  Issues Presented

            LaGoye
makes several arguments on appeal.  We
construe his brief and supplemental brief to present the following complaints
for appellate review: (1) the trial court erred in granting a judgment nunc pro tunc; (2) the trial
court erred in not allowing LaGoye to late-file his
responses to the requests for admissions; and (3) the trial court erred in
granting the motion for summary judgment.

III.  Jurisdiction

            Before addressing the merits of this
case, we must determine, as a threshold matter, whether we have appellate
jurisdiction.  After the summary judgment
was granted, appellees obtained  an order severing LaGoye’s
claims against the Homeowners’ Association, the Board Members, Genesis Property
Management, and the On-Site Manager into cause number 01-21180-A (the
“A-Case”).  The clerk of the court was
ordered to copy and file several documents and orders from the original action
into the severed action, including the summary judgment LaGoye
challenges on appeal.  Both his first and
second notices of appeal bear the original cause number; yet, they specifically
name the complained-of summary judgment severed into the A-Case.  The problem is that we have no record of an
appeal from the A-Case.  Thus, we must
decide if LaGoye has properly perfected an appeal of
the summary judgment he challenges.

A. 
Perfection of Appeal of the A-Case

            Decisions should turn on substance
rather than procedural technicalities.  Texas Instruments v. Teletron
Energy Management, 877 S.W.2d 276, 278 (Tex.
1994).  An appellate court has
jurisdiction over an appeal when the appellant files an instrument that is “a
bona fide attempt to invoke appellate court jurisdiction.”  E.g.,
Verburgt v. Dorner,
959 S.W.2d 615, 616 (Tex. 1997); Mueller v. Saravia,
826 S.W.2d 608, 609 (Tex. 1992); City of San Antonio v. Rodriguez, 828
S.W.2d 417, 418 (Tex. 1992) (per
curiam); Grand Prairie Indep. Sch.
Dist. v. Southern Parts Imports, Inc., 813 S.W.2d 499, 500 (Tex.
1991).  If there is no suggestion of
confusion regarding which judgment the appellant appeals,  misnumbering should
not defeat the appellate court’s jurisdiction. 
City of San Antonio, 828
S.W.2d at 418; Matlock v. McCormick,
948 S.W.2d 308, 310 (Tex. App.—San Antonio 1997, no pet.).

            Appellees
have participated in this appeal and have voiced no complaint concerning the
nature or subject matter of the appeal. 
There is no apparent confusion regarding the judgment being
appealed.  Because LaGoye’s
notices of appeal refer to the summary judgment granted in favor of appellees, and because it was the only summary judgment
granted at the time the notice of appeal was filed, we find that the misnumbering caused no confusion regarding the judgment
from which LaGoye seeks to appeal.  See
City of San Antonio, 828 S.W.2d at 418; Matlock,
948 S.W.2d at 310; see also Silk v.
Terrill, 898 S.W.2d 764, 766 (Tex. 1995) (per curiam)
(holding judicial economy is not served when a case ripe for decision is
decided on a procedural technicality; cases should be decided on the merits
when procedural deficiencies can easily be corrected); Blankenship v. Robins, 878 S.W.2d 138, 139 (Tex. 1994) (per curiam) (finding motion for new trial erroneously filed in
severed cause number rather than in original cause number nonetheless extended
appellate timetable in original cause number). 
Therefore, we hold that LaGoye timely
perfected this appeal and we have jurisdiction to consider it.  

B. 
Trial Court’s Entry of Judgment Nunc Pro Tunc

            After the appellees
supplemented the appellate record with the judgment nunc
pro tunc signed on July 29, 2002, LaGoye
filed a supplemental appellate brief in which he argues that the judgment nunc pro tunc does not correct a
clerical mistake, but instead makes a substantive change — the addition of a
party — to the severance order finalizing the partial summary judgment.[7]  He claims Genesis Community Management is not
a proper party to this appeal.  We agree.

            The purpose of a judgment nunc pro tunc is to correct a
clerical error in the judgment after the court’s plenary power has expired.  Escobar
v. Escobar, 711 S.W.2d 230, 231 (Tex.
1986).  See Tex. R. Civ. P. 316.[8]  A clerical error is a mistake or omission in
the entry of a judgment in the official record and the judgment as it was
actually rendered.  Andrews v. Koch, 702 S.W.2d 584, 585 (Tex. 1986); Universal Underwriters Ins. Co. v. Ferguson, 471
S.W.2d 28, 29–30 (Tex.
1971).  In contrast, a judicial error is
an error arising from a mistake of law or fact that requires judicial reasoning
or determination to correct.  West Texas State Bank v. Gen. Resources
Management Corp., 723 S.W.2d 304, 306 (Tex. App.—Austin 1987, writ ref’d n.r.e.).  In other words, an error that occurs in the rendering, as opposed to the entering, of a judgment is a judicial
error.  Escobar, 711 S.W.2d at 231; see
Wood v. Griffin & Brand of McAllen, 671 S.W.2d 125, 127–32 (Tex.
App.—Corpus Christi 1984, no writ) (finding an erroneous party designation that
read “defendants” take nothing rather than “plaintiffs” constituted a judicial
error because it was in the trial court’s determination of a “primary judicial
decision”).  Whether an error in a
judgment is judicial or clerical is a question of law and the trial court’s
finding in this regard is not binding on an appellate court.  Escobar,
711 S.W.2d at 232; Finlay v. Jones, 435 S.W.2d 136, 138 (Tex. 1968). 

            After its plenary power has expired,
the trial court can only correct the entry of a final written judgment that
incorrectly states the judgment actually rendered.  Escobar,
711 S.W.2d at 231–32.  Even if the trial court renders judgment
incorrectly, it cannot alter a written judgment which precisely reflects the
incorrect rendition.  Id. at 232.
When deciding whether a correction in a judgment involves a judicial or a
clerical error, an appellate court looks to the judgment actually rendered, not
to the judgment that should have been rendered. 
Id. at 231. 

            After thoroughly reviewing the
record, we find no evidence of a clerical error.  In his original petition, LaGoye
sued Genesis Property Management.  In his amended petition, LaGoye
incorporated his original petition; he also named two additional parties –
Genesis Community Management and Migura Insurance Agency. 
Both Genesis Property
Management and Genesis Community
Management were among the parties that filed Defendants’ First Amended Original
Answer in September 2001.[9]  Thereafter, Genesis Property Management was among the parties that moved for summary
judgment and was named in the summary judgment order that the trial court
signed in November 2001.  Later, the
trial court listed Genesis Property
Management in the severance order signed in December 2001.  In addition, Genesis Property Management is the party named in LaGoye’s
notice of appeal.

            Before the trial court entered the
judgment nunc pro tunc,
Genesis Community Management was not
a named party to the appeal nor was it a party to the partial summary judgment
or the order of severance, which made the partial summary judgment final.  A trial court cannot grant summary judgment
for a party that has not moved for summary judgment.  Teer v. Duddlesten, 664 S.W.2d 702, 703 (Tex. 1984); Qualia v. Qualia,
878 S.W.2d 339, 340 (Tex. App.—San Antonio 1994, writ denied); Hinojosa v. Hinojosa, 866 S.W.2d 67, 70
(Tex. App.—El Paso 1993, no writ). 
Because Genesis Community
Management did not file a motion for summary judgment, the trial court erred in
effectively rendering a summary judgment in its favor by entering the judgment nunc pro tunc.  See
id.  

            The result does not change even if
the record shows the mistake arose from a drafting error by appellees’
counsel.  The law is clear that a
drafting error by a party’s attorney does not constitute a “clerical error.”  In
re Fuselier,
56 S.W.3d 265, 268 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); see also Mathes v.
Kelton, 569 S.W.2d 876, 877 (Tex. 1978)
(illustrating, as example of judicial error, not correctable by judgment nunc pro tunc, judicial
determination that terms of judgment rendered should be changed); In re Rollins Leasing, Inc., 987 S.W.2d
633, 637 (Tex. App.—Houston [14th Dist.] 1999) (orig. proceeding) (holding that
correction of judgment to reflect dismissal of only one defendant rather than
two initially dismissed was judicial error, not correctable by judgment nunc pro tunc).  Parties named by the mistake of counsel in an
order or judgment signed by the court become part of the court’s judgment, as
rendered, and such mistakes are properly characterized as judicial errors.  In re Fuselier, 56 S.W.3d at 268. Appellees’ attorneys committed drafting
errors when they failed to name Genesis Community
Management as a party in the motion for summary judgment and in the instruments
(partial summary judgment and order of severance) prepared for and submitted to
the trial court for entry.  When the trial
court ultimately entered the orders counsel submitted, the drafting errors
contained therein became part of the judgment the court rendered.  As such, they were judicial errors and were
not correctable by the trial court after its jurisdiction expired.  See
Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56, 58 (Tex.
1970).  

            A nunc pro
tunc judgment made to correct a judicial error is
void.  In re Fuselier, 56 S.W.3d at 268.  As a result, the order signed on July 29, 2002, granting appellees’ motion for judgment nunc
pro tunc is void; the trial court’s plenary power
over the severance order signed on December 4, 2001, had expired.  See In re Luster, 77 S.W.3d 331, 334–35 (Tex. App.—Houston [14th
Dist.] 2002, orig. proceeding); In re Fuselier, 56 S.W.3d at 269.  Though there is no need to appeal a void
judgment, when, as here, a party does so, the reviewing court should set the
judgment aside.  Texas Prop. and Cas. Ins. Guar.
Assoc. v. De Los Santos, 47 S.W.3d 584, 588 (Tex.
App.—Corpus Christi 2001, no pet.) (citations omitted).  Accordingly, we set aside the judgment nunc pro tunc of July 29, 2002, and
dismiss Genesis Community Management allegedly f/k/a Genesis Property
Management as a party to this appeal, because the trial court had no
jurisdiction over it in the severed case. 
     The partial summary judgment,
while effective to deny some of LaGoye’s claims
against Genesis Property Management, did not address the claims against Genesis
Community Management, the later-added defendant.  Thus, Genesis Community Management remains a
party in the trial court in the main case, that part of LaGoye’s
lawsuit that was not severed and appealed. 
We now turn to the issues involving the remaining appellees.

                                                   IV.  Summary
Judgment

            A summary judgment motion is filed
to “pierce the pleadings and to assess the proof in order to see whether there
is a genuine need for a trial.”  Lampasas v. Spring Center, Inc., 988
S.W.2d 428, 436 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  The Homeowners’ Association, the Board
Members, Genesis Property Management, and the On-Site Manager filed a
no-evidence motion for summary judgment under Texas Rule of Civil Procedure
166a (i).  In
considering a no-evidence summary judgment, we review the proof in the light
most favorable to the nonmovants and disregard all
contrary proof and inferences.  See 
Tex. R. Civ.
P. 166a(i); Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997);  Blan v. Ali, 7
S.W.3d 741, 747 (Tex. App.—Houston [14th Dist.] 1999, no pet.); Lampasas, 988 S.W.2d at 432.  We sustain a no-evidence summary judgment if:
(a) there is a complete absence of proof of a vital fact; (b) the court is
barred by rules of law or evidence from giving weight to the only proof offered
to prove a vital fact; (c) the proof offered to prove a vital fact is no more
than a mere scintilla; or (d) the proof conclusively establishes the opposite
of the vital fact.  Dagley v. Haag Eng’g Co., 18 S.W.3d 787, 793 (Tex. App.—Houston [14th
Dist.] 2000, no pet.); see Lampasas, 988 S.W.2d at 432. 

            In a no-evidence motion for summary
judgment, the movant should specifically state the
elements for which there is no evidence. 
See Tex. R. Civ. P. 166a(i).  Unlike a movant for traditional summary judgment, the movant for a no-evidence summary judgment does not bear the
burden of establishing a right to judgment by proving each claim or
defense.  See Tex. R. Civ. P. 166a notes and comments.  Rather, it is the nonmovant
who must present more than a scintilla of evidence that raises a genuine fact
issue on the challenged elements.  Risner v. McDonald’s Corp., 18 S.W.3d 903, 907
(Tex. App.—Beaumont 2000, pet. denied); see
Lampasas, 988 S.W.2d at 432–33; Isbell v. Ryan, 983 S.W.2d 335, 338
(Tex. App.—Houston [14th Dist.] 1998, no pet.). 
If the evidence is so weak as to do no more than create mere surmise or
suspicion of a fact, then it is less than a scintilla.  See
Lampasas, 988 S.W.2d at 432.  

            Because the propriety of a summary
judgment is a question of law, we review the trial court’s decision de novo. 
Natividad v. Alexsis, Inc.,
875 S.W.2d 695, 699 (Tex.
1994).  A no-evidence summary judgment is
essentially a pretrial directed verdict, to which we apply the same legal
sufficiency standard of review.  Specialty Retailers, Inc., v. Fuqua, 29
S.W.3d 140, 146 (Tex. App.—Houston [14th
Dist.] 2000, pet. denied).  A no-evidence
motion for summary judgment places the burden on the nonmovant
to present enough evidence to be entitled to a trial.  Lampasas,
988 S.W.2d at 432.  When the trial court
grants a motion for summary judgment without stating the grounds on which it
relied, we must affirm the summary judgment if any ground argued in the motion
was sufficient.  See Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).

            In his pleadings, LaGoye asserted claims for breach of a contract to maintain
the common area, fraud due to alleged misrepresentations, breach of a fiduciary
duty to expend the Homeowners’ Association’s assessed maintenance fee in
maintaining the property, and alleged violations of the Real Estate Licensing
Act.  The amended petition added claims
for breach of a duty of good faith and fair dealing,  breach of a duty to fairly settle claims, and
a claim of unfair claims settlement.  The
record contains no special exceptions or other assertion of pleading
defects.  

            The only claims upon which appellees filed their no-evidence motion for summary
judgment were breach of contract, fraud, and breach of fiduciary duty.  They did not seek summary judgment as to the
alleged violations of the Real Estate Licensing Act, breach of a duty of good
faith and fair dealing claim, breach of a duty to fairly settle claims, or the
unfair-claims-settlement allegation. 
Generally, summary judgment cannot be granted on a claim not addressed
in the summary judgment proceeding.  See Tex.
R. Civ. P. 166a(c); Chessher v. Southwestern Bell Tel., 658 S.W.2d
563, 564 (Tex. 1983) (per
curiam); Alder
v. Laurel, 82 S.W.3d 372, 375 (Tex. App.—Austin 2002, no pet.).

            Because appellees
failed to challenge any elements of the claims asserting violations of the Real
Estate Licensing Act, duty of good faith and fair dealing, duty to fairly
settle, and unfair claims settlement, LaGoye was not
required to present proof of more than a scintilla of evidence of elements of
these claims to avoid summary judgment.  See Tex.
R. Civ. P. 166a(i); Alder, 82 S.W.3d at 375; Coastal Cement Sand v. First Interstate
Credit, 956 S.W.2d 562, 566 (Tex. App.—Houston [14th Dist.] 1997, writ
denied); Robinson v. Warner-Lambert &
Old Corner Drug, 998 S.W.2d 407, 410 (Tex. App.—Waco 1999, no pet.).  Because a trial court cannot grant more
relief than was requested by a motion for summary judgment, the trial court
erred in granting summary judgment on these unchallenged claims.  See
Alder, 82 S.W.3d at 376; Science
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 912 (Tex.
1997).  Therefore, we reverse summary
judgment as to the claims that are based on alleged violations of the Real
Estate Licensing Act, breach of a duty of good faith and fair dealing, breach
of a duty to fairly settle claims, and unfair claims settlement practices, and
remand those claims to the trial court.[10]

            We turn now to the claims that were
specifically addressed in appellees’ no-evidence
motion for summary judgment.  Appellees charged there was no evidence of the following
elements of LaGoye’s claims: (1) the existence of a
fiduciary duty; (2) the existence of a contract between the parties or breach
of such a contract; and (3) a misrepresentation that constituted a fraudulent
act.

            In his summary judgment response, LaGoye did not argue the merits of the motion for summary
judgment with proof of the challenged elements, but instead only argued against
the deemed admissions, attaching his motion for an extension of time, notice of
submission and certificate of service, and his late-filed responses and
objections to the requests for admission. 
LaGoye also incorporated his original and
amended petitions in his response to the summary judgment motion.  

            The focus of a no-evidence summary
judgment is shifted from the pleadings to the actual evidence or proof to
assess whether there is a genuine need for a trial.  Quanaim v. Frasco Rest. & Catering, 17 S.W.3d 30, 41 (Tex.
App.—Houston [14th
Dist.] 2000, pet. denied).  Summary
judgment evidence must be in admissible form. 
See, e.g., Medford v. Medford, 68 S.W.3d 242,
246–47 (Tex. App.—Fort Worth 2002, no pet.) (holding that document not
certified or sworn to, without jurat or notarization,
was not proper summary judgment evidence);
Fisher v. Yates, 953 S.W.2d 370, 383 (Tex. App.—Texarkana 1997) (holding
that an affidavit must be made on personal knowledge, set forth facts which
would be admissible in evidence, and show the affiant’s competence to
constitute proper summary judgment evidence under Rule 166a(f)), writ denied, 988 S.W.2d 730 (Tex. 1998)
(per curiam). 
Pleadings are not summary judgment evidence and should not be considered
in determining whether fact issues are expressly presented in summary judgment
motions. 
City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.
1979).  LaGoye’s
pleadings and the unauthenticated filed documents cannot form the basis of the
scintilla of evidence needed to meet his burden to counter the no-evidence
summary judgment motion.  Without an
affidavit or other evidence to consider, the trial court was left with no
alternative other than to grant the summary judgment on the challenged
claims.  See Lampasas, 988 S.W.2d at 433 (holding if the nonmovant
is unable to provide sufficient evidence, the trial court must grant the
motion).  

            Moreover, nothing in LaGoye’s summary-judgment response can be construed to be a
motion for a continuance of the summary judgment proceeding until such time as
adequate discovery could be conducted. 
Were the trial court to have considered and denied such a motion, it may
have constituted an abuse of discretion. 
See Specialty Retailers, Inc.,
29 S.W.3d at 145–46 (holding an adequate time for discovery depends upon the
nature of the claims, the evidence needed to controvert the motion, the length
of time the case has been on file, and deadlines set by the court).  As a general rule, we do not condone the
practice of a party filing and a trial court granting a no-evidence motion for
summary judgment in a time period under seven months after a case has been
filed and while extensive discovery to the nonmovant
is outstanding.[11] 

            Though LaGoye
is a pro se litigant, he is held to the same standards as licensed attorneys
and must comply with applicable laws and rules of procedure.  See Holt
v. F.F. Enterprises, 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet.
denied).  Any other rule would give the
pro se litigant an unfair advantage over a litigant who is represented by
counsel.  Greenstreet, 940 S.W.2d at
835.  LaGoye
had the burden to present enough evidence to be entitled to a trial.  See
Lampasas, 988 S.W.2d at 432.  The
trial court did not err in granting summary judgment on LaGoye’s
contract, fiduciary duty, and fraud claims against the Homeowners’ Association,
the Board Members, Genesis Property Management, and the On-Site Manager because
LaGoye did not produce any proper summary judgment
evidence on these claims.  

IV.  Deemed Admissions

            LaGoye
also complains that the trial court erred in not recognizing his late-filed responses
to requests for admissions.  However, we
already have affirmed as to the three claims attacked in the motion for summary
judgment, without relying on the deemed admissions. Therefore, we need not
reach this issue.

V.  Conclusion

            In summary, we find LaGoye timely perfected this appeal and we have
jurisdiction to consider it. We vacate the judgment nunc
pro tunc.  We
affirm the November 13, 2001 summary judgment as to the breach of contract,
fraud, and breach of fiduciary duty claims, and we reverse and remand the
judgment as to the claims for alleged violations of the Real Estate Licensing
Act, breach of a duty of good faith and fair dealing, breach of a duty to
fairly settle, and unfair claims settlement for further proceedings consistent
with this opinion.  Given this
disposition, we do not reach LaGoye’s claim regarding
his late-filed responses to the requests for admissions.

 

                                                                                    

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment rendered and
Opinion filed July 31,
 2003.

Panel consists of Justices Frost, Seymore, and Guzman.

 

 











            [1]  Migura Insurance
Agency filed an answer, did not participate in the summary judgment, and is not
part of this appeal.





            [2]  Defense counsel Russell Ramsey of Ramsey
& Murray, P.C. served the May 2001 request for disclosure on behalf of
three defendants.  In June 2001, defense
counsel Marc D. Markel of Roberts, Markel & Folger, L.L.P.
served three discovery instruments, including another request for disclosure
only on behalf of the Homeowners’ Association.





            [3]  Under Rules 21a and 198, thirty days plus
three days due to the use of mail for service means the deadline was July 16, 2001. See Tex.
R. Civ. P. 21a, 198.2 (a).





            [4]  Though LaGoye’s
appellate brief states that this motion was granted, there is no such order in
the appellate record.





            [5]  The partial summary judgment is entitled,
“ORDER.” For clarity purposes in our discussion, we refer to it as the partial
summary judgment.





            [6]  LaGoye originally
sued “Genesis Property Management, Inc.” and added “Genesis Community Management,
Inc.” as a party in his amended petition. 
The judgment nunc pro tunc
finds that “Genesis Property Management” and “Genesis Community Management” are
one and the same, and that the original judgment contained a misnomer.  No party has made an issue of the omission of
the “Inc.” in both the original summary judgment and the nunc
pro tunc judgment, and, on appeal, we use the name
designations from these judgments. 
Therefore, it appears that the motion for summary judgment should have
been filed by “Genesis Community
Management, Inc. f/k/a Genesis Property Management, Inc.” and the order of
severance and final judgement should have used the
same name.  This mistake, which appellees characterize as a “clerical error,” was allegedly
“corrected” by the judgment nunc pro tunc entered on July 29, 2002.  We address
this issue in Part III. B, infra.





            [7]  Because the judgment nunc
pro tunc modified the judgment from which LaGoye had previously appealed, this court must treat this
appeal as being from the judgment nunc pro tunc.  See Tex.
R. App. P. 27.3.





            [8]  Some typical clerical changes that have been
upheld as valid nunc pro tunc
orders are corrections of the date of judgment, Nolan v. Bettis, 562 S.W.2d 520, 522
(Tex. App.—Austin 1978, no writ), correction of a party’s name, Carlyle Real Estate Ltd. Partnership-X v. Leibman, 782 S.W.2d 230, 232–33 (Tex. App.—Houston [1st
Dist.] 1989, no writ), and correction of a numerical error, Escobar, 711 S.W.2d at 230.  





            [9]  Under Texas Rule of Civil Procedure 52, any
allegation that a corporation is incorporated shall be taken as true, unless
denied by the affidavit of the adverse party, his agent or attorney.  Tex.
R. Civ. P. 52. 
There were no such denials in this case. 
Both Genesis Property Management and Genesis Community Management were
parties in the trial court before the motion for partial summary judgment was
filed.





            [10]  The merits of these claims are not before
this court.





            [11]  LaGoye mailed a
request for production, request for disclosure, interrogatories, and requests
for admissions on October 9,
 2001, the day after the appellees’
motion for partial summary judgment was mailed to him.  This discovery was outstanding at the time of
submission of the motion for partial summary judgment on November 5, 2001.  However, the trial court did not sign the
summary judgment until more than a week after submission, on November 13, 2001.  LaGoye had an
opportunity but neither moved for a continuance nor supplemented his response
to the motion for summary judgment based on this outstanding discovery.