in its motion; and (2) granting summary judgment when Blakey presented more than a scintilla of evidence on the only element of her cause of action raised in the summary judgment motion, i.e., whether she reported violations of law in objective good faith. We will reverse the summary judgment and remand to the district court.

## FACTUAL BACKGROUND

Blakey holds a doctoral degree in psychology and a masters degree in legal studies. She was hired by the Department in May 1998, and in April 2000 she became a Civil Rights Specialist in the Department's Office of Equal Opportunity ("OEO"). The Department provided her with additional specialized training in the employment practices area. Her duties included investigating administrative complaints by Department employees of alleged violations of civil rights, nondiscrimination and other employment laws, and to monitor grievances filed outside the Department.

Civil Rights Specialists were to submit written reports on each investigation, including their findings, to the Director of the OEO. The Director would then submit each report, along with a recommendation for responsive action, to the senior officials of the Department, including the Commissioner and the general counsel, who then would make the final agency decision on each matter. Blakey was often assigned to investigate the more complicated discrimination and retaliation complaints in the Department. She avers that she received favorable performance assessments and recognition from her supervisors about her job performance up until the two matters

2

in question. Both of the complaints which she alleges led to her termination involved investigations that other Department staff had been unable to complete.

*The S.T. Matter*

The first was her report in August 2000 regarding a complaint by S.T.[1] that her supervisor failed to promote her because of age discrimination. S.T.'s complaint was filed on August 13, 1999. Two other OEO investigators worked on the case before Blakey was assigned to it on May 1, 2000. After her investigation, Blakey concluded and reported that S.T.'s complaint was likely valid. Her written report is dated August 31, 2000.

In it, Blakey recommended that the supervisor be disciplined and the complainant be compensated. Her report was submitted to the OEO Director, the Department's general counsel, and the Deputy Commissioner, who were authorized to remedy the complaint. Blakey's recommendations were not followed; she was subsequently assigned to monitor the charge of discrimination filed by S.T. against the Department with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(b) (2003) (amended 1972, 1991); Tex. Lab. Code Ann. §§ 21.003(a), .201 (West 1996). On February 21, 2001, the EEOC determined that there was reasonable cause to believe that S.T.'s supervisor had illegally discriminated against S.T. on the basis of age and retaliated against her for complaining about the discriminatory treatment. On March 21,

---

[1] Both parties have maintained the confidentiality of this employee's name throughout this litigation, and we will do the same.

2001, the Department reached a settlement agreement with S.T., which Blakey alleges required payment of monetary damages and other relief.

*The Lane Matter*

In January and February 2001, Blakey was assigned to investigate the second matter which she claims led to her discharge. It involved two whistleblower complaints filed by Rhonda Lane that her supervisor was retaliating against her, in violation of the Texas Whistleblower Act, for Lane's May 2000 reporting of accounting irregularities in the administration of federal grants within Lane's bureau. Blakey conducted an extensive investigation. Another OEO investigator, Athan Ogoh, assisted Blakey in the investigation of the Lane matter. In May 2001, when Blakey was finalizing her investigation of Lane's complaints and preparing her report, she shared with her supervisor, Herman Horn, her suspicion that Lane's supervisor was indeed retaliating for Lane's report of the accounting irregularities. This report to Horn in the Lane matter came on the heels of the Department's settlement with S.T. in the EEOC proceeding.

Lane was fired by the Department on May 17, 2001, while Blakey was still conducting her investigation. Lane subsequently revealed to Blakey that she had an audiotape recording of her supervisor terminating her employment. Blakey reviewed the audiotape and concluded that the supervisor's purported benign reason for Lane's termination was false and pretextual. Blakey advised Horn that her investigation uncovered information showing that Lane's supervisor's justification for the termination was false and that her written report would so reflect.

4

Four days later, on May 21, 2001, the Department received notification that Lane had retained legal counsel and was pursuing her complaints further. Horn instructed Blakey to wrap up her report without completing her investigation, specifically instructing her to cancel a scheduled interview with Lane's former supervisor and a meeting with the Department's human resources office. Horn also instructed Blakey not to review Lane's audiotape, which Blakey had already done. Blakey objected and voiced her concern about writing a report without completing her investigation. Blakey testified that Horn then told Blakey not to worry about finishing that report, but to finish other reports first.

On June 11, 2001, in an OEO staff meeting, Blakey reported to Horn that her written report in the Lane investigation would be completed by June 15. On June 13, Horn gave Blakey written notice of his intent to discharge her effective June 21. Blakey alleges that she had no prior warning or indication that Horn had a problem with her performance. Horn's basis for termination was alleged misconduct and negligent performance of duty. Blakey also testified that her summary termination was contrary to the Department's progressive discipline policy and procedures. Ogoh, the other OEO investigator working with Blakey on the Lane matter, was also notified on June 13 of his termination.

**DISCUSSION**

*Standard of Review*

We review the propriety of a summary judgment *de novo*. *Navitidad v. Alexis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). Reviewing the granting of a no-evidence summary judgment is similar to that of a pretrial directed verdict. *Parsons v. Ford Motor Co.*, 85 S.W.3d 323, 328 (Tex.

App.—Austin 2002, pet. denied). We must determine whether Blakey presented evidence of probative force so as to raise a genuine issue of fact on the material elements of her claim. *See id.* at 329. The summary judgment must be affirmed if the nonmovant failed to bring forth more than a scintilla of probative evidence on the issues in question. *Domizio v. Progressive County Mut. Ins. Co.*, 54 S.W.3d 867, 871 (Tex. App.—Austin 2001, pet. denied). More than a scintilla of evidence exists if it rises to the level that would enable reasonable and fair-minded people to differ in their conclusions. *Parsons*, 85 S.W.3d at 329.

### *Texas Whistleblower Act*

The Texas Whistleblower Act protects public employees from adverse retaliatory employment actions when an employee "in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." Tex. Gov't Code Ann. § 554.002(a) (West Supp. 2004). The purpose of the Act is to enhance openness in government and compel government's compliance with the law by protecting those who report wrongdoing. *Hill v. Burnet County Sheriff's Dep't*, 96 S.W.3d 436, 440 (Tex. App.—Austin 2002, pet. denied). The statute is remedial in nature and should be liberally construed to effect its purpose. *Duvall v. Texas Dep't of Humans Servs.*, 82 S.W.3d 474, 478 (Tex. App.—Austin 2002, no pet.); *Stinnett v. Williamson County Sheriff's Dep't*, 858 S.W.2d 573, 575 (Tex. App.—Austin 1993, writ denied). The essential elements of a whistleblower claim are: (1) a public employee acting in good faith makes a report; (2) the report involves conduct violating a law by the agency or a public employee; (3) the report is made to an appropriate law enforcement authority; and (4) the public

6

employee suffers retaliation for making the report. Tex. Gov't Code Ann. § 554.002;[2] *Duvall*, 82 S.W.3d at 478.

Blakey's pleadings allege that she was wrongfully discharged as a result of her reporting to her superiors, at the highest ranks of the Department, the illegal conduct of Department employees in connection with both the S.T. and Lane matters. The Department's motion for summary judgment asserted that there was no competent evidence to support the first and second elements enumerated above in connection with the Lane matter. The motion was entirely silent as to Blakey's claims based on the S.T. matter.

*Undisclosed Grounds of No-Evidence Summary Judgment*

On appeal, Blakey complains that the district court erred by granting a no-evidence summary judgment on a ground that the Department failed to raise in its original motion for

---

[2] The act provides:

(a) A state or local government entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.

(b) In this section, a report is made to an appropriate law enforcement authority if the authority is a part of the state or local governmental entity or of the federal government that the employee in good faith believes is authorized to:

(1) regulate under or enforce the law alleged to be violated in the report; or

(2) investigate or prosecute a violation of criminal law.

Tex. Gov't Code Ann. § 554.002 (West Supp. 2004).

7

summary judgment.[3]  The Department only mentioned Blakey's S.T. claim in its reply to Blakey's response to its motion for summary judgment.  The district court granted full summary judgment against all of Blakey's claims and factual theories, including the S.T. claim, without specifying the reasons for its ruling.[4]  The fact that the court granted a full summary judgment on all claims, Blakey argues, demonstrates that the court necessarily ruled against Blakey in connection with both the Lane and S.T. matters.

As a movant under rule 166a, the Department had the burden to establish that it filed its motion for summary judgment and served it upon Blakey "at least twenty-one days before the time specified for hearing."[5]  Tex. R. Civ. P. 166a(c).  The only exception to the twenty-one days notice requirement recognized by the rule is "on leave of court."  *Id.*  The record indicates that the

---

[3] *See* Tex. R. Civ. P. 166a(i) ("The motion must state the elements as to which there is no evidence.").

[4] In order to prevail on appeal against a summary judgment where the trial court did not specify the basis on which the judgment was granted, an appellant must demonstrate that the court erred with regard to all grounds raised in the summary judgment motion.  *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000); *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

[5] While subsection (i) of rule 166a does not expressly state that the time provisions of subsection (c) apply to no-evidence motions, we believe that their application is implied by the structure of the rule as a whole.  *See* Tex. R. Civ. P. 166a.  The notice requirements of rule 166a are not mere formalities.  *See Canadian Triton Int'l Ltd. v. JFP Energy, Inc.*, 888 S.W.2d 235, 237 (Tex. App.—El Paso 1994, no writ); *Stephens v. Turtle Creek Apts., Ltd.*, 875 S.W.2d 25, 26-27 (Tex. App.—Houston [14th Dist.] 1994, no writ) ("reason for the twenty-one day notice provision is to give the party opposing the summary judgment a full opportunity to respond on the merits . . . [and because summary judgment] is such a harsh remedy, the notice provisions of Rule 1661(c) must be strictly construed").  When an action by a trial court results in the final disposition of a plaintiff's cause of action without proper notice, it violates the plaintiff's due process rights and constitutes an abuse of discretion.  *Tramco Enter., Inc. v. Indep. Am. Sav. Assoc.*, 739 S.W.2d 944, 948 (Tex. App.—Fort Worth 1987, no writ) (interpreting Tex. R. Civ. P. 21).

Department did not file its reply until the time of the summary judgment hearing. The record does not reflect that the Department obtained leave of court for its untimely filing. *INA of Tex. v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985) (holding where record does not reflect leave granted for late-filed response, appellate court presumes that trial court did not consider it); *see also Guest v. Cochran*, 993 S.W.2d 397, 403 n.5 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ("LISD filed its reply brief addressing RR's takings claim on the same day as the summary judgment hearing . . . the record does not reflect that the trial court granted LISD leave to file a late motion or that LISD gave notice to RR"); *Sanders v. Capitol Area Council, Boy Scouts of Am.*, 930 S.W.2d 905, 911 (Tex. App.—Austin 1996, no writ) (holding trial court erred in granting summary judgment because movant's reply "was not filed twenty-one days in advance of the hearing or with leave of court"). There is no transcript of the summary judgment hearing, but the record contains subsequent correspondence from Blakey's lawyer to the district court objecting to the Department's reply because it injected the element of causation in connection with the S.T. matter for the first time.

A summary judgment cannot be maintained upon grounds not raised in the motion for summary judgment. *City of Midland v. O'Bryant*, 18 S.W.3d 209, 218 (Tex. 2000); *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983); *Sanders*, 930 S.W.2d at 911. This prohibition applies to no-evidence motions for summary judgment. *See* Tex. R. Civ. P. 166a(i); *Fraud-Tech, Inc. v. Choicepoint, Inc.*, 102 S.W.3d 366, 387 (Tex. App.—Fort Worth 2003, pet. denied); *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 4 (Tex. App.—San Antonio 2000, pet. denied); *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 147-48 (Tex. App.—Houston [14th

Dist.] 2000, pet. denied); Tex. R. Civ. P. 166a cmt. (no-evidence motion for summary judgment "must be specific in challenging the evidentiary support for an element of a claim or defense").

This general proposition requiring specificity in summary judgment motions was announced by the supreme court in *McConnell v. Southside Independent School District*. 858 S.W.2d 337 (Tex. 1993). That case involved a traditional summary judgment in which the grounds supporting the judgment were set forth in an accompanying brief and not the motion itself. The court reversed that summary judgment, holding that "a motion for summary judgment must itself expressly present the grounds upon which it is made. A motion must stand or fall on the grounds expressly presented in the motion." *Id.* at 341.

This court has applied this principle of *McConnell* in the context of no-evidence motions for summary judgment. *See Adler v. Laurel*, 82 S.W.3d 372, 375-76 (Tex. App.—Austin 2002, no pet.); *see also Lagoye v. Victoria Wood Condo. Ass'n*, 112 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2003, no pet). Blakey argues that the requirement of rule 166a(i) that the grounds for the motion be spelled out in the motion itself was impermissibly violated when the trial court allowed the Department's reply to introduce an additional ground into the summary judgment proceedings. Blakey cites rule 166a(i) and the *Killam* case to support her proposition. *See Killam*, 53 S.W.3d 1.

In general, the grounds articulated in a motion for summary judgment are sufficiently specific if they give the nonmovant fair notice of the claim being asserted. *Dear v. City of Irving*, 902 S.W.2d 731, 734 (Tex. App.—Austin 1995, writ denied). This standard is akin to that of the fair notice pleading requirement of Texas Rule of Civil Procedure 45(b) and 47(a). *Westchester Fire*

*Ins. Co. v. Alvarez*, 576 S.W.2d 771, 773 (Tex. 1978). The rule's purpose is to give the opposing nonmovant adequate information for opposing the motion, and to define and narrow the issues. *Id.* at 772; *Garrett v. L.P. McCuistion Comm. Hosp.*, 30 S.W.3d 653, 655 (Tex. App.—Texarkana 2000, no pet.); *Roth v. FFP Operating Partners, L.P.*, 994 S.W.2d 190, 194 (Tex. App.—Amarillo 1999, pet. denied).

In *Callaghan Ranch, Ltd. v. Killam*, the San Antonio Court of Appeals faced with a situation where the summary judgment motion was conclusory and failed to state the elements of the claims for which there was no evidence. The specific elements were subsequently added in a reply filed in opposition to the nonmovant's response. 53 S.W.3d at 3-4. The reply in *Killam* was also untimely, filed on the day of the summary judgment hearing. *Id.* The court of appeals found the lack of specificity in the summary judgment motion rendered it defective as a matter of law. *Id.* at 4. As for the reply, the court stated:

> Although the reply contains a challenge to a specific element, the appellees' ability to use its reply to provide the requisite specificity is procedurally troubling. First, the appellees represented to the trial court at the summary judgment hearing that the reply "was [only applicable to ] the [accompanying] traditional motion for summary judgment." Therefore, the appellees represented to the court that the reply should not be taken into consideration in ruling on the no-evidence motion for summary judgment. The trial court accepted this statement, concluding that the objection to the timeliness of the reply would be rendered moot if it granted the no-evidence motion for summary judgment, and the trial court's judgment does not recite that it took the reply into consideration. Another procedural problem with allowing the specificity to be satisfied with the appellees' reply is to allow a movant to avoid complying with the specificity requirement until the day of the summary judgment hearing. *See* JUSTICE MICHOL O'CONNOR, O'CONNOR'S TEXAS RULES: CIVIL TRIALS 2000 § 6.1 (2000) (noting that rule 166a does not contain a deadline for a movant to file a reply to a non-movant's response). Furthermore, allowing the reply to provide the requisite specificity would appear to be in violation of the Texas Supreme Court's insistence that a motion for summary judgment must "stand or fall

> on the grounds expressly presented in the motion." *See McConnell*, 858 S.W.2d at
> 341 . . . .

*Killam*, 53 S.W.3d at 4. We agree with the court's disposition of that case, but not necessarily its analysis or underlying rationale.

In particular, the court seems to conclude that adding the requisite specificity by way of a reply necessarily and always violates *McConnell*. We are not convinced that rule 166a(i) must be interpreted to always prohibit a movant from supplementing by way of a reply the grounds on which a no-evidence summary judgment may be granted if the nonmovant is not otherwise unfairly prejudiced by the supplementation. *See Adler*, 82 S.W.3d at 375-76 ("trial court considering a motion for summary judgment is restricted to the issues raised in the motion, response, and subsequent replies") (citing *Stiles v. Resolution Trust Co.*, 867 S.W.2d 24, 26 (Tex. 1993)). We will not assume, as the San Antonio court does, that replies to responses to motions for summary judgment are always filed on the day of the summary judgment hearing. Blakey's contention that a reply can never add grounds to a no-evidence motion is hyper-technical and elevates form over substance. The principle underlying the specificity requirement is "fair notice." If a nonmovant is not prejudiced and deprived of fair notice of the grounds underlying the motion for summary judgment and had a fair opportunity to respond, we are not convinced that a movant always would be prohibited from including an additional ground for summary judgment in a reply. However, we need not address Blakey's expansive argument because we can dispose of this appeal on a narrower ground.

12

Here, we will presume that Blakey was prejudiced by the filing of a reply containing new grounds for summary judgment on the day of the summary judgment hearing.[6] Blakey had no opportunity to respond to the reply or to formally object to its filing. *See Stephens v. Turtle Creek Apts., Ltd.*, 875 S.W.2d 25, 26-27 (Tex. App.—Houston [14th Dist.] 1994, no writ) (reversing order giving nonmovant only one day notice of motion for summary judgment, two days to file response thereto, and six days notice of hearing thereon);[7] *Kuykendall v. Spicer*, 643 S.W.2d 776, 777 n.3, 778 (Tex. App.—San Antonio 1982, no writ) (holding court abused its discretion under Tex. R. Civ. P. 21 in granting motion to dismiss filed on same day as hearing). Additionally and significantly, we note that the court's judgment indicates that in making its ruling, the court considered the motion, response, evidence and arguments. It does not reflect that the court considered the Department's reply, raising the possibility that it granted judgment based on a ground not alleged in the motion. Therefore, we hold that the district court abused its discretion in granting summary judgment.

---

[6] Whereas objections to a motion for summary judgment must be in writing and "before" the court at the time of the summary judgment hearing, *Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1989), the lack of notice was clearly prejudicial.

[7] We cannot presume the court granted leave because there is no indication in the record that the Department obtained leave of court to raise the S.T. claim without the requisite notice. *INA of Tex. v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985). Moreover, in its order granting the summary judgment , the court states that it considered the motion and the response, but does not state that it considered the reply.

**CONCLUSION**

The summary judgment is reversed and remanded to the district court. This holding is dispositive of the appeal; therefore, we do not address Blakey's other issue.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Reversed and Remanded

Filed: February 12, 2004