Abiodun Henri LaGOYE, Appellant,

v.

VICTORIA WOOD CONDOMINIUM ASSOCIATION, Genesis Property Management, Genesis Community Management Allegedly f/k/a Genesis Property Management, Terry H. Sears, Etan Mirwis, Harlan Stein, and Kit Snyder, Appellees.

No. 14–02–00002–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 31, 2003.

Abiodun Henri Lagoye, Houston, for appellants.

John Bradley Mitchell, Marc D. Markel, Houston, for appellees.

Panel consists of Justices KEM THOMPSON FROST, SEYMORE, and GUZMAN.

## OPINION

KEM THOMPSON FROST, Justice.

This is an appeal from a nunc pro tunc, no-evidence summary judgment granted in favor of appellees Victoria Wood Condominium Association, Genesis Community Management allegedly f/k/a Genesis Property Management, Terry H. Sears, Etan Mirwis, Harlan Stein, and Kit Snyder. Appellant Abiodun Henri LaGoye claims there are unresolved genuine issues of material fact and the summary judgment should be reversed. He argues that he should have been allowed to late-file responses to requests for admissions. Additionally, he claims that Genesis Community Management should not be a party to this appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

LaGoye, the plaintiff below, owned a two-bedroom unit in the Victoria Wood Condominium Project. The homeowners' association, Victoria Wood Condominium Association (the "Homeowners' Association") contracted with a management company, Genesis Property Management, to manage the building.

In February 2001, LaGoye's condominium sustained water damage, apparently as a result of a hot water pipe breaking. The damage included a caved-in ceiling, warped floors and cabinets, and waterlogged sheetrock. As a result of the accident, LaGoye and his son were forced to move out of their home. LaGoye claimed a subsequent inspection uncovered toxic mold.

LaGoye filed this suit, pro se, against the Homeowners' Association and three members of its Board of Directors, Etan Mirwis, Harlan Stein, and Kit Snyder (collectively, the "Board Members"). LaGoye also asserted claims against Genesis Property Management and its on-site property manager, Terry H. Sears (the "On–Site Manager"), for breach of a contract to maintain the common area, fraud due to alleged misrepresentations, breach of a fiduciary duty to expend the Homeowners' Association's assessed maintenance fee in maintaining the property, and alleged violations of the Real Estate Licensing Act. LaGoye later filed an amended petition in which he joined Migura Insurance Agency and Genesis Community Management as defendants, and added a breach-of-duty-of-good faith-and-fair-dealing claim, a breach-of-duty-to-fairly-settle claim, and an unfair-claims-settlement action.[1] All eight defendants filed an answer to the amended petition.

In May 2001, the Homeowners' Association, Genesis Property Management, and the On–Site Manager served a request for disclosure on LaGoye. In June 2001, while LaGoye was responding to this discovery, the Homeowners' Association served an additional request for disclosure as well as a request for production and

---

**1.** Migura Insurance Agency filed an answer, did not participate in the summary judgment, and is not part of this appeal.

requests for admissions.[2] The responses to the discovery were due on July 16, 2001.[3] LaGoye did not timely answer the requests for admissions because, according to his response to the motion for summary judgment and motion for new trial, he mistakenly believed he had thirty-three days from date of receipt as opposed to thirty days from date of service (plus three days due to service by mail). *See* Tex.R. Civ. P. 21a. Additionally, LaGoye claims he was under the impression that because he filed a motion for an extension of time to file discovery responses on July 19, 2001, he had preserved his right to late-file responses. LaGoye's motion for an extension of time to respond to this discovery was set for submission, but the trial court never ruled on it.[4] Two weeks after his discovery responses were due, on August 1, 2001, LaGoye filed a "Response and Objections to [the Homeowners' Association's] Requests for Admissions."

Appellees filed a no-evidence motion for summary judgment. LaGoye timely filed a response. The trial court granted partial summary judgment in favor of the Homeowners' Association, the Board Members, Genesis Property Management, and the On–Site Manager.[5] LaGoye filed a motion for new trial, which was overruled by operation of law. On the motion of the Homeowners' Association, the Board Members, Genesis Property Management, and the On–Site Manager, the trial court severed the claims against them from the claims against the nonmovants (Migura Insurance Company and Genesis Community Management), and the partial summary judgment became final on December 4, 2001. Subsequently, the trial court entered a judgment nunc pro tunc signed on July 29, 2002, apparently because of an alleged error in the name of one of the parties in the motion for summary judgment, the summary-judgment order, and the order of severance.[6] After the parties filed their initial briefs on appeal, appellees supplemented the record with the judgment nunc pro tunc.

## II. Issues Presented

LaGoye makes several arguments on appeal. We construe his brief and supple-

2. Defense counsel Russell Ramsey of Ramsey & Murray, P.C. served the May 2001 request for disclosure on behalf of three defendants. In June 2001, defense counsel Marc D. Markel of Roberts, Markel & Folger, L.L.P. served three discovery instruments, including another request for disclosure only on behalf of the Homeowners' Association.

3. Under Rules 21a and 198, thirty days plus three days due to the use of mail for service means the deadline was July 16, 2001. *See* Tex.R. Civ. P. 21a, 198.2(a).

4. Though LaGoye's appellate brief states that this motion was granted, there is no such order in the appellate record.

5. The partial summary judgment is entitled, "ORDER." For clarity purposes in our discussion, we refer to it as the partial summary judgment.

6. LaGoye originally sued "Genesis Property Management, Inc." and added "Genesis Com-

munity Management, Inc." as a party in his amended petition. The judgment nunc pro tunc finds that "Genesis Property Management" and "Genesis Community Management" are one and the same, and that the original judgment contained a misnomer. No party has made an issue of the omission of the "Inc." in both the original summary judgment and the nunc pro tunc judgment, and, on appeal, we use the name designations from these judgments. Therefore, it appears that the motion for summary judgment should have been filed by "Genesis *Community* Management, Inc. f/k/a Genesis Property Management, Inc." and the order of severance and final judgement should have used the same name. This mistake, which appellees characterize as a "clerical error," was allegedly "corrected" by the judgment nunc pro tunc entered on July 29, 2002. We address this issue in Part III. B, *infra*.

mental brief to present the following complaints for appellate review: (1) the trial court erred in granting a judgment nunc pro tunc; (2) the trial court erred in not allowing LaGoye to late-file his responses to the requests for admissions; and (3) the trial court erred in granting the motion for summary judgment.

### III. JURISDICTION

Before addressing the merits of this case, we must determine, as a threshold matter, whether we have appellate jurisdiction. After the summary judgment was granted, appellees obtained an order severing LaGoye's claims against the Homeowners' Association, the Board Members, Genesis Property Management, and the On–Site Manager into cause number 01–21180–A (the "A–Case"). The clerk of the court was ordered to copy and file several documents and orders from the original action into the severed action, including the summary judgment LaGoye challenges on appeal. Both his first and second notices of appeal bear the original cause number; yet, they specifically name the complained-of summary judgment severed into the A–Case. The problem is that we have no record of an appeal from the A–Case. Thus, we must decide if LaGoye has properly perfected an appeal of the summary judgment he challenges.

### A. Perfection of Appeal of the A–Case

■■■ Decisions should turn on substance rather than procedural technicalities. *Texas Instruments v. Teletron Energy Management,* 877 S.W.2d 276, 278 (Tex. 1994). An appellate court has jurisdiction over an appeal when the appellant files an instrument that is "a bona fide attempt to invoke appellate court jurisdiction." *E.g., Verburgt v. Dorner,* 959 S.W.2d 615, 616 (Tex.1997); *Mueller v. Saravia,* 826 S.W.2d 608, 609 (Tex.1992); *City of San Antonio v. Rodriguez,* 828 S.W.2d 417, 418 (Tex.1992) (per curiam); *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex.1991). If there is no suggestion of confusion regarding which judgment the appellant appeals, misnumbering should not defeat the appellate court's jurisdiction. *City of San Antonio,* 828 S.W.2d at 418; *Matlock v. McCormick,* 948 S.W.2d 308, 310 (Tex. App.-San Antonio 1997, no pet.).

■ Appellees have participated in this appeal and have voiced no complaint concerning the nature or subject matter of the appeal. There is no apparent confusion regarding the judgment being appealed. Because LaGoye's notices of appeal refer to the summary judgment granted in favor of appellees, and because it was the only summary judgment granted at the time the notice of appeal was filed, we find that the misnumbering caused no confusion regarding the judgment from which LaGoye seeks to appeal. *See City of San Antonio,* 828 S.W.2d at 418; *Matlock,* 948 S.W.2d at 310; *see also Silk v. Terrill,* 898 S.W.2d 764, 766 (Tex.1995) (per curiam) (holding judicial economy is not served when a case ripe for decision is decided on a procedural technicality; cases should be decided on the merits when procedural deficiencies can easily be corrected); *Blankenship v. Robins,* 878 S.W.2d 138, 139 (Tex.1994) (per curiam) (finding motion for new trial erroneously filed in severed cause number rather than in original cause number nonetheless extended appellate timetable in original cause number). Therefore, we hold that LaGoye timely perfected this appeal and we have jurisdiction to consider it.

### B. Trial Court's Entry of Judgment Nunc Pro Tunc

After the appellees supplemented the appellate record with the judgment nunc

pro tunc signed on July 29, 2002, LaGoye filed a supplemental appellate brief in which he argues that the judgment nunc pro tunc does not correct a clerical mistake, but instead makes a substantive change—the addition of a party—to the severance order finalizing the partial summary judgment.[7] He claims Genesis Community Management is not a proper party to this appeal. We agree.

■ The purpose of a judgment nunc pro tunc is to correct a clerical error in the judgment after the court's plenary power has expired. *Escobar v. Escobar,* 711 S.W.2d 230, 231 (Tex.1986). *See* TEX.R. CIV. P. 316.[8] A clerical error is a mistake or omission in the entry of a judgment in the official record and the judgment as it was actually rendered. *Andrews v. Koch,* 702 S.W.2d 584, 585 (Tex.1986); *Universal Underwriters Ins. Co. v. Ferguson,* 471 S.W.2d 28, 29–30 (Tex.1971). In contrast, a judicial error is an error arising from a mistake of law or fact that requires judicial reasoning or determination to correct. *West Texas State Bank v. Gen. Resources Management Corp.,* 723 S.W.2d 304, 306 (Tex.App.-Austin 1987, writ ref'd n.r.e.). In other words, an error that occurs in the *rendering,* as opposed to the *entering,* of a judgment is a judicial error. *Escobar,* 711 S.W.2d at 231; *see Wood v. Griffin & Brand of McAllen,* 671 S.W.2d 125, 127–32 (Tex.App.-Corpus Christi 1984, no writ) (finding an erroneous party designation that read "defendants" take nothing rather than "plaintiffs" constituted a judicial er-

ror because it was in the trial court's determination of a "primary judicial decision"). Whether an error in a judgment is judicial or clerical is a question of law and the trial court's finding in this regard is not binding on an appellate court. *Escobar,* 711 S.W.2d at 232; *Finlay v. Jones,* 435 S.W.2d 136, 138 (Tex.1968).

■ After its plenary power has expired, the trial court can only correct the entry of a final written judgment that incorrectly states the judgment actually rendered. *Escobar,* 711 S.W.2d at 231–32. Even if the trial court renders judgment incorrectly, it cannot alter a written judgment which precisely reflects the incorrect rendition. *Id.* at 232. When deciding whether a correction in a judgment involves a judicial or a clerical error, an appellate court looks to the judgment actually rendered, not to the judgment that should have been rendered. *Id.* at 231.

■ After thoroughly reviewing the record, we find no evidence of a clerical error. In his original petition, LaGoye sued Genesis *Property* Management. In his amended petition, LaGoye incorporated his original petition; he also named two additional parties—Genesis *Community* Management and Migura Insurance Agency. Both Genesis *Property* Management and Genesis *Community* Management were among the parties that filed Defendants' First Amended Original Answer in September 2001.[9] Thereafter, Genesis

---

7. Because the judgment nunc pro tunc modified the judgment from which LaGoye had previously appealed, this court must treat this appeal as being from the judgment nunc pro tunc. *See* TEX.R.APP. P. 27.3.

8. Some typical clerical changes that have been upheld as valid nunc pro tunc orders are corrections of the date of judgment, *Nolan v. Bettis,* 562 S.W.2d 520, 522 (Tex.App.-Austin 1978, no writ), correction of a party's name,

*Carlyle Real Estate Ltd. Partnership–X v. Leibman,* 782 S.W.2d 230, 232–33 (Tex.App.-Houston [1st Dist.] 1989, no writ), and correction of a numerical error, *Escobar,* 711 S.W.2d at 230.

9. Under Texas Rule of Civil Procedure 52, any allegation that a corporation is incorporated shall be taken as true, unless denied by the affidavit of the adverse party, his agent or attorney. TEX.R. CIV. P. 52. There were no

*Property* Management was among the parties that moved for summary judgment and was named in the summary judgment order that the trial court signed in November 2001. Later, the trial court listed Genesis *Property* Management in the severance order signed in December 2001. In addition, Genesis *Property* Management is the party named in LaGoye's notice of appeal.

■ Before the trial court entered the judgment nunc pro tunc, Genesis *Community* Management was not a named party to the appeal nor was it a party to the partial summary judgment or the order of severance, which made the partial summary judgment final. A trial court cannot grant summary judgment for a party that has not moved for summary judgment. *Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984); *Qualia v. Qualia,* 878 S.W.2d 339, 340 (Tex.App.-San Antonio 1994, writ denied); *Hinojosa v. Hinojosa,* 866 S.W.2d 67, 70 (Tex.App.-El Paso 1993, no writ). Because Genesis *Community* Management did not file a motion for summary judgment, the trial court erred in effectively rendering a summary judgment in its favor by entering the judgment nunc pro tunc. *See id.*

■ The result does not change even if the record shows the mistake arose from a drafting error by appellees' counsel. The law is clear that a drafting error by a party's attorney does not constitute a "clerical error." *In re Fuselier,* 56 S.W.3d 265, 268 (Tex.App.-Houston [1st Dist.] 2001, orig. proceeding); *see also Mathes v. Kelton,* 569 S.W.2d 876, 877 (Tex.1978) (illustrating, as example of judicial error, not correctable by judgment nunc pro tunc, judicial determination that terms of

judgment rendered should be changed); *In re Rollins Leasing, Inc.,* 987 S.W.2d 633, 637 (Tex.App.-Houston [14th Dist.] 1999) (orig.proceeding) (holding that correction of judgment to reflect dismissal of only one defendant rather than two initially dismissed was judicial error, not correctable by judgment nunc pro tunc). Parties named by the mistake of counsel in an order or judgment signed by the court become part of the court's judgment, as rendered, and such mistakes are properly characterized as judicial errors. *In re Fuselier,* 56 S.W.3d at 268. Appellees' attorneys committed drafting errors when they failed to name Genesis *Community* Management as a party in the motion for summary judgment and in the instruments (partial summary judgment and order of severance) prepared for and submitted to the trial court for entry. When the trial court ultimately entered the orders counsel submitted, the drafting errors contained therein became part of the judgment the court rendered. As such, they were judicial errors and were not correctable by the trial court after its jurisdiction expired. *See Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56, 58 (Tex.1970).

■ A nunc pro tunc judgment made to correct a judicial error is void. *In re Fuselier,* 56 S.W.3d at 268. As a result, the order signed on July 29, 2002, granting appellees' motion for judgment nunc pro tunc is void; the trial court's plenary power over the severance order signed on December 4, 2001, had expired. *See In re Luster,* 77 S.W.3d 331, 334–35 (Tex.App.-Houston [14th Dist.] 2002, orig. proceeding); *In re Fuselier,* 56 S.W.3d at 269. Though there is no need to appeal a void judgment, when, as here, a party does so, the reviewing court should set the judg-

such denials in this case. Both Genesis Property Management and Genesis Community Management were parties in the trial court

before the motion for partial summary judgment was filed.

ment aside. *Texas Prop. and Cas. Ins. Guar. Assoc. v. De Los Santos,* 47 S.W.3d 584, 588 (Tex.App.-Corpus Christi 2001, no pet.) (citations omitted). Accordingly, we set aside the judgment nunc pro tunc of July 29, 2002, and dismiss Genesis Community Management allegedly f/k/a Genesis Property Management as a party to this appeal, because the trial court had no jurisdiction over it in the severed case.

The partial summary judgment, while effective to deny some of LaGoye's claims against Genesis Property Management, did not address the claims against Genesis Community Management, the later-added defendant. Thus, Genesis Community Management remains a party in the trial court in the main case, that part of La-Goye's lawsuit that was not severed and appealed. We now turn to the issues involving the remaining appellees.

## IV. SUMMARY JUDGMENT

■ A summary judgment motion is filed to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for a trial." *Lampasas v. Spring Center, Inc.,* 988 S.W.2d 428, 436 (Tex.App.-Houston [14th Dist.] 1999, no pet.). The Homeowners' Association, the Board Members, Genesis Property Management, and the On–Site Manager filed a no-evidence motion for summary judgment under Texas Rule of Civil Procedure 166a (i). In considering a no-evidence summary judgment, we review the proof in the light most favorable to the nonmovants and disregard all contrary proof and inferences. *See* TEX.R. CIV. P. 166a(i); *Merrell Dow Pharm., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997); *Blan v. Ali,* 7 S.W.3d 741, 747 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *Lampasas,* 988 S.W.2d at 432. We sustain a no-evidence summary judgment if: (a) there is a complete absence of proof of a vital fact; (b) the court is barred

by rules of law or evidence from giving weight to the only proof offered to prove a vital fact; (c) the proof offered to prove a vital fact is no more than a mere scintilla; or (d) the proof conclusively establishes the opposite of the vital fact. *Dagley v. Haag Eng'g Co.,* 18 S.W.3d 787, 793 (Tex. App.-Houston [14th Dist.] 2000, no pet.); *see Lampasas,* 988 S.W.2d at 432.

■ In a no-evidence motion for summary judgment, the movant should specifically state the elements for which there is no evidence. *See* TEX.R. CIV. P. 166a(i). Unlike a movant for traditional summary judgment, the movant for a no-evidence summary judgment does not bear the burden of establishing a right to judgment by proving each claim or defense. *See* TEX.R. CIV. P. 166a notes and comments. Rather, it is the nonmovant who must present more than a scintilla of evidence that raises a genuine fact issue on the challenged elements. *Risner v. Mc-Donald's Corp.,* 18 S.W.3d 903, 907 (Tex. App.-Beaumont 2000, pet. denied); *see Lampasas,* 988 S.W.2d at 432–33; *Isbell v. Ryan,* 983 S.W.2d 335, 338 (Tex.App.-Houston [14th Dist.] 1998, no pet.). If the evidence is so weak as to do no more than create mere surmise or suspicion of a fact, then it is less than a scintilla. *See Lampasas,* 988 S.W.2d at 432.

■ Because the propriety of a summary judgment is a question of law, we review the trial court's decision *de novo. Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex.1994). A no-evidence summary judgment is essentially a pretrial directed verdict, to which we apply the same legal sufficiency standard of review. *Specialty Retailers, Inc., v. Fuqua,* 29 S.W.3d 140, 146 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). A no-evidence motion for summary judgment places the burden on the nonmovant to present enough evidence to be entitled to a trial.

*Lampasas,* 988 S.W.2d at 432. When the trial court grants a motion for summary judgment without stating the grounds on which it relied, we must affirm the summary judgment if any ground argued in the motion was sufficient. *See Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex.1995).

▆▆▆ In his pleadings, LaGoye asserted claims for breach of a contract to maintain the common area, fraud due to alleged misrepresentations, breach of a fiduciary duty to expend the Homeowners' Association's assessed maintenance fee in maintaining the property, and alleged violations of the Real Estate Licensing Act. The amended petition added claims for breach of a duty of good faith and fair dealing, breach of a duty to fairly settle claims, and a claim of unfair claims settlement. The record contains no special exceptions or other assertion of pleading defects.

▆▆▆ The only claims upon which appellees filed their no-evidence motion for summary judgment were breach of contract, fraud, and breach of fiduciary duty. They did not seek summary judgment as to the alleged violations of the Real Estate Licensing Act, breach of a duty of good faith and fair dealing claim, breach of a duty to fairly settle claims, or the unfair-claims-settlement allegation. Generally, summary judgment cannot be granted on a claim not addressed in the summary judgment proceeding. *See* TEX.R. CIV. P. 166a(c); *Chessher v. Southwestern Bell Tel.,* 658 S.W.2d 563, 564 (Tex.1983) (per curiam); *Alder v. Laurel,* 82 S.W.3d 372, 375 (Tex.App.-Austin 2002, no pet.).

Because appellees failed to challenge any elements of the claims asserting violations of the Real Estate Licensing Act, duty of good faith and fair dealing, duty to fairly settle, and unfair claims settlement,

LaGoye was not required to present proof of more than a scintilla of evidence of elements of these claims to avoid summary judgment. *See* TEX.R. CIV. P. 166a(i); *Alder,* 82 S.W.3d at 375; *Coastal Cement Sand v. First Interstate Credit,* 956 S.W.2d 562, 566 (Tex.App.-Houston [14th Dist.] 1997, writ denied); *Robinson v. Warner–Lambert & Old Corner Drug,* 998 S.W.2d 407, 410 (Tex.App.-Waco 1999, no pet.). Because a trial court cannot grant more relief than was requested by a motion for summary judgment, the trial court erred in granting summary judgment on these unchallenged claims. *See Alder,* 82 S.W.3d at 376; *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 912 (Tex.1997). Therefore, we reverse summary judgment as to the claims that are based on alleged violations of the Real Estate Licensing Act, breach of a duty of good faith and fair dealing, breach of a duty to fairly settle claims, and unfair claims settlement practices, and remand those claims to the trial court.[10]

We turn now to the claims that were specifically addressed in appellees' no-evidence motion for summary judgment. Appellees charged there was no evidence of the following elements of LaGoye's claims: (1) the existence of a fiduciary duty; (2) the existence of a contract between the parties or breach of such a contract; and (3) a misrepresentation that constituted a fraudulent act.

In his summary judgment response, LaGoye did not argue the merits of the motion for summary judgment with proof of the challenged elements, but instead only argued against the deemed admissions, attaching his motion for an extension of time, notice of submission and certificate of service, and his late-filed responses and objections to the requests for admission.

---

10. The merits of these claims are not before this court.

LaGoye also incorporated his original and amended petitions in his response to the summary judgment motion.

■ The focus of a no-evidence summary judgment is shifted from the pleadings to the actual evidence or proof to assess whether there is a genuine need for a trial. *Quanaim v. Frasco Rest. & Catering,* 17 S.W.3d 30, 41 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). Summary judgment evidence must be in admissible form. *See, e.g., Medford v. Medford,* 68 S.W.3d 242, 246–47 (Tex.App.-Fort Worth 2002, no pet.) (holding that document not certified or sworn to, without jurat or notarization, was not proper summary judgment evidence); *Fisher v. Yates,* 953 S.W.2d 370, 383 (Tex.App.-Texarkana 1997) (holding that an affidavit must be made on personal knowledge, set forth facts which would be admissible in evidence, and show the affiant's competence to constitute proper summary judgment evidence under Rule 166a(f)), *writ denied,* 988 S.W.2d 730 (Tex.1998) (per curiam). Pleadings are not summary judgment evidence and should not be considered in determining whether fact issues are expressly presented in summary judgment motions. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979). LaGoye's pleadings and the unauthenticated filed documents cannot form the basis of the scintilla of evidence needed to meet his burden to counter the no-evidence summary judgment motion. Without an affidavit or other evidence to consider, the trial court was left with no alternative other than to grant the summary judgment on the challenged claims. *See Lampasas,* 988 S.W.2d at 433 (holding if the nonmovant is unable to provide sufficient evidence, the trial court must grant the motion).

Moreover, nothing in LaGoye's summary-judgment response can be construed to be a motion for a continuance of the summary judgment proceeding until such time as adequate discovery could be conducted. Were the trial court to have considered and denied such a motion, it may have constituted an abuse of discretion. *See Specialty Retailers, Inc.,* 29 S.W.3d at 145–46 (holding an adequate time for discovery depends upon the nature of the claims, the evidence needed to controvert the motion, the length of time the case has been on file, and deadlines set by the court). As a general rule, we do not condone the practice of a party filing and a trial court granting a no-evidence motion for summary judgment in a time period under seven months after a case has been filed and while extensive discovery to the nonmovant is outstanding.[11]

Though LaGoye is a pro se litigant, he is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *See Holt v. F.F. Enterprises,* 990 S.W.2d 756, 759 (Tex.App.-Amarillo 1998, pet. denied). Any other rule would give the pro se litigant an unfair advantage over a litigant who is represented by counsel. *Greenstreet,* 940 S.W.2d at 835. LaGoye had the burden to present enough evidence to be entitled to a trial. *See Lampasas,* 988 S.W.2d at 432. The trial court did not err

11. LaGoye mailed a request for production, request for disclosure, interrogatories, and requests for admissions on October 9, 2001, the day after the appellees' motion for partial summary judgment was mailed to him. This discovery was outstanding at the time of submission of the motion for partial summary judgment on November 5, 2001. However, the trial court did not sign the summary judgment until more than a week after submission, on November 13, 2001. LaGoye had an opportunity but neither moved for a continuance nor supplemented his response to the motion for summary judgment based on this outstanding discovery.

in granting summary judgment on La-Goye's contract, fiduciary duty, and fraud claims against the Homeowners' Association, the Board Members, Genesis Property Management, and the On–Site Manager because LaGoye did not produce any proper summary judgment evidence on these claims.

## IV.  DEEMED ADMISSIONS

LaGoye also complains that the trial court erred in not recognizing his late-filed responses to requests for admissions. However, we already have affirmed as to the three claims attacked in the motion for summary judgment, without relying on the deemed admissions.  Therefore, we need not reach this issue.

## V.  CONCLUSION

In summary, we find LaGoye timely perfected this appeal and we have jurisdiction to consider it.  We vacate the judgment nunc pro tunc.  We affirm the November 13, 2001 summary judgment as to the breach of contract, fraud, and breach of fiduciary duty claims, and we reverse and remand the judgment as to the claims for alleged violations of the Real Estate Licensing Act, breach of a duty of good faith and fair dealing, breach of a duty to fairly settle, and unfair claims settlement for further proceedings consistent with this opinion.  Given this disposition, we do not reach LaGoye's claim regarding his late-filed responses to the requests for admissions.