Reversed and Remanded and Memorandum Opinion filed May 29, 2008








Reversed and
Remanded and Memorandum
Opinion filed May 29, 2008.

 

                                                                                                                                                            

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00618-CV

____________

 

DARRELL H. STROUSE, Appellant

 

V.

 

CITY OF HOUSTON AND HAROLD L.
HURTT, IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE HOUSTON POLICE
DEPARTMENT,
Appellees

 



 

On Appeal from the 164th
District Court

Harris County, Texas

Trial Court Cause No. 04-71559

 



 

M E M O R A N D U M   O P I N I O N








This appeal arises out of a dispute between a police
officer and the city that employed him.  The police chief indefinitely
suspended the officer.  The officer appealed his suspension to a hearing
examiner, and both the officer and the city appealed the hearing examiner=s ruling to the
district court.  The officer moved for summary judgment asking the district
court for various items of relief.  The city did not seek a summary judgment;
rather, the city asserted that fact issues precluded summary judgment and urged
the district court to deny the officer=s motion.  The
district court granted summary judgment but did not grant any of the relief
requested by the officer.  We reverse and remand.

                               Suspension and Hearing Examiner

The Chief of Police of the City of Houston indefinitely
suspended appellant Darrell H. Strouse, who, at the time of his suspension was
a sergeant with the Houston Police Department.  Strouse appealed his suspension
to a hearing examiner.  The hearing examiner ruled, inter alia, that (1)
just cause did not exist for the indefinite suspension, (2) Strouse should be
reinstated, but at the lower position of officer rather than sergeant, (3) upon
his reinstatement, Strouse=s Acontractual and
any other benefits are to be restored,@ and (4) Strouse
was entitled to backpay at the position of officer effective January 1, 2002. 

                                   Appeal to the District Court

After the hearing examiner issued his ruling, Strouse
appealed the hearing examiner=s ruling to the district court, as did
appellees City of Houston and Harold L. Hurtt, in his official capacity as
Chief of Police of the Houston Police Department (hereinafter collectively
referred to as Athe City@).  After the
appeals were consolidated in the district court below, Strouse filed a motion
for summary judgment, in which he asked the district court to do the following
by way of summary judgment:

!       strike the portion of the hearing examiner=s award that changed Strouse=s position from sergeant to
officer,

!       modify the hearing examiner=s award to give backpay at the pay
scale for a sergeant rather than for an officer,

!       render a declaratory judgment as to the
meaning of Acontractual and any other benefits@ that the hearing examiner awarded
to Strouse,

!       affirm the remainder of the award, and 

!       order immediate reinstatement upon issuance
of the final summary-judgment order.  








The
City did not seek summary judgment.  Instead, in its response to Strouse=s motion, the City
asserted, among other things, the following:

!       The summary-judgment evidence, the pleadings,
and the law show a genuine issue of material fact that precludes summary
judgment.

!       The City is not entitled to summary
judgment.  

!       The City requests that the district court
deny Strouse=s motion.

After a hearing, the district court signed an order in
which it stated the following:

!       The district court grants in part Strouse=s motion for summary judgment.

!       The court orders the hearing examiner=s award vacated.

!       The court finds the hearing examiner was not
within his jurisdiction to order the demotion of Strouse Aand certain other aspects of the
award.@

Strouse filed a motion asking the district court to clarify
and modify this order, asserting that the order was unclear.  At the hearing on
this motion, the district court stated that it did not believe it could modify
the hearing examiner=s award; rather, the court asserted it
could only affirm the award or vacate it.  The court stated that, in its prior
order, it had vacated the entire award so that the parties could have another
hearing before a hearing examiner.  Strouse=s counsel argued
that the district court lacked authority to vacate the award and remand for another
hearing before a hearing examiner.  The district court disagreed and refused to
change its prior order. The court then signed a final summary judgment
incorporating the same language from its prior summary-judgment order.  

 Appeal to this Court

On appeal to this court, Strouse asserts that the district
court erred in granting the summary-judgment relief contained in the district
court=s order.  We
agree.  








The City did not seek summary judgment.  Strouse sought
certain relief by summary judgment; however, the district court did not grant
any of this requested relief.  Instead, the district court granted relief that
Strouse did not seek and that he asserted was improper. The district court
erred in granting summary-judgment relief not requested in a summary-judgment
motion.  See LaGoye v. Victoria Wood Condominium Ass=n, 112 S.W.3d 777,
786 (Tex. App.CHouston [14th Dist.] 2003, no pet.) (holding trial
court cannot grant relief on summary judgment that was not requested by a
movant for summary judgment).  Accordingly, we reverse the district court=s summary judgment
and remand for further proceedings consistent with this opinion.

 

 

/s/      Kem
Thompson Frost

Justice

 

Judgment rendered and Memorandum
Opinion filed May 29, 2008.

Panel consists of Justices Fowler,
Frost, and Seymore.