Affirmed
and Memorandum Opinion filed October 6, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00133-CV

____________

 

JANICE SMITH, Appellant

 

V.

 

HARTFORD UNDERWRITERS INSURANCE
COMPANY,
Appellee

 



 

On Appeal from the 234th
District Court

Harris County, Texas

Trial Court Cause No. 2005-51316

 



 

M E M O R A N D U M   O P I N I O N








This appeal arises from the trial court=s judgment
affirming in part and reversing in part a decision made by the Texas Workers= Compensation
Commission regarding a benefits claim made by an employee asserting that she was
injured in the course of her work.  The employer=s insurance
carrier denied benefits, and the employee sought relief from the Texas Workers= Compensation
Commission, which determined that the employee sustained a compensable injury,
but had no disability resulting from the injury.  The employee and the
insurance carrier both sought judicial review of the decision, and the employer
was added as a party.  The trial court determined that the employee had no
compensable injury.  We affirm.

I.  Factual and Procedural Background

Appellant Janice Smith was employed by KS
Management Services, LLP.[1] 
According to the record, Smith was diagnosed with de Quervain=s tenosynovitis,
which she claims to have sustained in the course of her work.  Appellee
Hartford Underwriters Insurance Company denied Smith=s claims.  

Smith sought review of her denied claims
with the Texas Workers= Compensation Commission[2]
(Athe Commission@).  Following a
hearing on the matter, the Commission rendered a decision, making the following
pertinent findings of fact and conclusions of law:

$       
Smith sustained
a compensable injury, de Quervain=s tenosynovitis, on May 12, 2003, which was causally
related to her employment.

$       
Smith has no
disability resulting from the compensable injury.

The Commission ordered Hartford to pay Smith=s benefits.








Hartford sought judicial review as to the
Commission=s determination that Smith sustained a compensable
injury.  Smith sought judicial review of the Commission=s decision and
joined KS Management Services as a party to the suit.  In her live petition,
Smith, acting pro se, alleged bad faith claims against both Hartford and KS
Management Services.  Smith also claimed that the evidence presented at the
Commission=s hearing was insufficient to support the Commission=s findings that
Smith did not have a disability resulting from the compensable injury.

Hartford=s claims against
Smith were consolidated with Smith=s claims against
Hartford and KS Management Services.  The trial court granted partial summary
judgment as to Smith=s claims against Hartford for bad faith. 
The trial court granted interlocutory summary judgment as to Smith=s sole claim of
bad faith against KS Management Services and ordered that Smith take nothing on
these claims against KS Management Services.  

Following a trial, in which both Smith and
Hartford presented evidence, the trial court submitted three questions to the
jury.  In answering the first question, the jury found that Smith did not
sustain a compensable injury on May 12, 2003, in the form of de Quervain=s tenosynovitis. 
Because the jury answered the first question in this manner, the jury was not
required to answer the other two jury questions pertaining to disability.  

Based on the jury=s verdict, the
evidence presented, and the applicable law, the trial court affirmed the
Commission=s decision in part and reversed the decision in part. 
The trial court entered a final judgment that Smith did not sustain a
compensable injury in the form of de Quervain=s tenosynovitis
and that Smith did not have a disability resulting from the alleged injury. 
The trial court assessed all costs against Smith.  Smith brings this appeal
seeking reversal of the trial court=s judgment.

II.  Analysis

Smith, acting pro se,[3]
presents five issues for appellate review:








(1)     ADid the District Court issue of
allowing the breach of good faith and fair dealing for an interlocutory summary
judgment on April 3, 2006 correctly represent the true issue of whether
Hartford did not know of the injury until December 2004 when the injury occurred
May 12, 2003?@

(2)     ADid the District Court and Jury
consider the issue that surgery was performed by Dr. Varon on the left hand on
December 2, 2004 for De Quervains Tenosynovitis followed by physical therapy,
steroid injections and pain management?  Did they consider the surgery still
needs to be performed on the right side and disability continues?@

(3)     ADid the District Court and Jury
point out that Sharon Pacamo did report the injury to Royal Sun and Alliance
Corporate name Fire and Casualty Insurance?@

(4)     ACan the District Court and Jury
surmise that I spoke without thinking and suffer from memory loss and panic
attacks when I made the statement >I don=t= care and I could not remember due to stress?@

(5)     ACould the District court and Jury
not see the point that Dr. Likeover did not examine me or read my medical
records and the diagnosis of >Poor Protoplasm= was a joke?@








As to Smith=s third issue, the
record does not reflect, and Smith has not shown, that issues involving actions
taken by Sharon Pacamo, a KS Management Services employee, were presented in
the trial court nor does Smith point this court to any error committed by the
trial court.  Rather, the only issues before the trial court were whether Smith
sustained a compensable injury and whether disability resulted from the
injury.  To preserve a complaint for appellate review, a party must present the
issue to the trial court and obtain an adverse ruling.  See Tex. R. App. P. 33.1(a); GTE
Mobilnet of S. Tex. Ltd. v. Pascouet, 61 S.W.3d 599, 620 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied) (involving party who did not demonstrate application
of certain law to claims until party filed post-verdict motions, and thereby
did not preserve error because it failed to voice complaint to the trial
court).  The record does not reflect that the trial court or the jury
considered any evidence of conduct by KS Management Services as Smith now
asserts on appeal.  We cannot reverse the trial court=s judgment based
on complaints that Smith never raised at trial.  See Pascouet, 61 S.W.3d
at 620.  Because Smith failed to preserve error on her third issue, she has
waived appellate review of this issue.  See Tex. R. App. P. 33.1(a); Pascouet, 61 S.W.3d at 620.


We construe Smith=s second issue as
a challenge to the factual sufficiency of the evidence to support the trial
court=s judgment that
Smith did not sustain a compensable injury in the form of de Quervain=s tenosynovitis on
May 12, 2003.[4]  When reviewing a challenge to the
factual sufficiency of the evidence, we examine the entire record, considering
both the evidence in favor of, and contrary to, the challenged finding.  Cain
v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).  After considering and weighing
all the evidence, we set aside the fact finding only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust.  Pool
v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986).  The trier of fact is
the sole judge of the credibility of the witnesses and the weight to be given
to their testimony.  GTE Mobilnet of S. Tex. v. Pascouet, 61 S.W.3d 599,
615B16 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied).  We may not substitute our own judgment for that of the trier of fact,
even if we would reach a different answer on the evidence.  Maritime
Overseas Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998).  The amount of
evidence necessary to affirm a judgment is far less than that necessary to
reverse a judgment.  Pascouet, 61 S.W.3d at 616. 








A Acompensable injury@ is defined as Aan injury that arises out of and in
the course and scope of employment for which compensation is payable under this
subtitle.@  Tex. Labor Code Ann. ' 401.011(10) (Vernon 2006); see
Payne v. Galen Hosp. Corp., 28 S.W.3d 15, 17B18 (Tex. 2000).  Any injury is
considered to have been sustained in the Acourse and scope
of employment@ if the injury results from Aactivity of any
kind or character that has to do with and originates in the work, business,
trade, or profession of the employer and that is performed by the employee
while engaged in or about the furtherance of the affairs or business of the
employer.@  See Tex. Labor Code Ann. ' 401.011(12); see Payne, 28
S.W.3d at 18.  Because Hartford appealed the Commission=s decision as to a
compensable injury, it had the burden to prove by a preponderance of the
evidence that Smith did not suffer a compensable injury on May 12, 2003.  See
Tex.
Labor Code Ann. ' 410.033 (Vernon 2006); City of
Pasadena v. Olvera, 95 S.W.3d 494, 498 (Tex. App.CHouston [1st
Dist.] 2002, no pet.).

The record reflects that Dr. Likeover,
Hartford=s only witness,
opined at trial that Smith=s condition of de Quervain=s tenosynovitis
was not related to her work.  Dr. Likeover testified that Smith=s condition may
have occurred as a Adisease of life.@  Dr. Likeover
testified that he reviewed Smith=s medical records
and Smith=s deposition testimony.  Dr. Likeover offered his
opinion that Smith has multiple conditions that are diseases of life
attributable to aging.  He testified that because patients like Smith present
with multiple medical problems, physicians refer to such patients as having Apoor protoplasm.@  Dr. Likeover
explained that with Apoor protoplasm,@ Smith=s body is breaking
down for various reasons.  








Smith indicates in her fifth issue that
Dr. Likeover=s explanation for Smith=s diagnosis of de
Quervain=s tenosynovitis,
attributing the condition to Apoor protoplasm,@ was a joke.[5] 
However, at trial, Smith did not cross-examine Dr. Likeover or present evidence
to support this contention.  None of Smith=s witnesses
recalled that Smith sustained any work-related injury on May 12, 2003.  

The jury, as the sole judge of the credibility of the parties= witnesses and the weight to be given
to their testimony, determined that Smith did not sustain a compensable injury
on May 12, 2003.  See GTE Mobilnet of S. Tex., 61 S.W.3d at 615B16.  Having considered all of the
evidence in favor of, and contrary to, the challenged finding, we cannot say
that the evidence supporting the jury=s finding is so weak, or against the
great weight and preponderance of the evidence, that the jury=s verdict should be set aside.  See
generally Cain, 709 S.W.2d at 176; see also Lyons v. State Office of
Risk Management, No. 13-07-00449-CV, 2009 WL 2596053, at *6 (Tex. App.CCorpus Christi Aug. 25, 2009, no
pet.) (mem. op.) (concluding evidence was factually sufficient to support
finding that person did not sustain a compensable injury).  Therefore, we
overrule Smith=s second issue.

Having overruled
all of Smith=s issues presented on appeal, we affirm the trial
court=s judgment.

 

 

 

 

/s/               Kem Thompson Frost

Justice

 

 

Panel consists of Chief Justice
Hedges, and Justices Yates and Frost.









[1]  Throughout the record, Smith=s employer is referred to as Kelsey-Seybold Management
Services, LLP or Kelsey-Seybold Clinic.  However, we refer to this party by its
correct name:  KS Management Services, LLP.





[2]  The Commission is now known as the Texas Department
of Insurance, Division of Workers=
Compensation.  See Tex. Labor
Code Ann. ' 402.001(b) (Vernon 2006).  We refer to that authority
as it existed during the time period relevant to this case.





[3]  Though Smith is a pro se litigant, she is held to the same standards as
licensed attorneys and must comply with applicable substantive laws and rules
of procedure.  See Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184
(Tex. 1978); LaGoye v. Victoria Wood Condominium Ass=n, 112 S.W.3d 777, 787 (Tex. App.CHouston [14th Dist.] 2003, no
pet.).  Any other rule would give the pro se litigant an unfair advantage over
a litigant who is represented by trial counsel.  See Mansfield State Bank,
573 S.W.2d at 184; LaGoye, 112 S.W.3d at 787. 





[4]  Although we construe Smith=s second issue as a challenge to the sufficiency of
the evidence, to the extent that Smith has presented other issues in her
appellate brief, Smith has failed to provide analysis or citations to the
record or legal authorities.  As a result of the inadequate briefing, Smith=s remaining issues are waived.  See Tex. R. App. P. 38.1(h); San Saba Energy, L.P. v. Crawford, 171 S.W.3d 323, 338 (Tex. App.CHouston [14 Dist.] 2005, no pet.)
(holding that, even though courts interpret briefing requirements reasonably
and liberally, parties asserting error on appeal still must put forth some
specific argument and analysis citing the record and authorities in support of
the arguments).  





[5]  Although Smith presents this argument as part of her
fifth issue in her appellate brief, she has waived this argument because she
has failed to adequately brief the issue and has provided no argument,
citations to the record, or any legal authority to support her contention.  See
Tex. R. App. P. 38.1(h); San Saba Energy, L.P., 171 S.W.3d at 338.