

# NUMBER 13-12-00570-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE VILLA OF HARLINGEN D/B/A VILLA QUILT OF HARLINGEN

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Perkes
### Memorandum Opinion by Chief Justice Valdez

By petition for writ of mandamus, relator, Villa of Harlingen d/b/a Villa Quilt of Harlingen ("Villa"), seeks to set aside a judgment nunc pro tunc signed after the expiration of the trial court's plenary power. We conditionally grant the writ of mandamus.

### I. BACKGROUND

Roberto Ruiz Jr. brought suit against various defendants for personal injuries sustained as a result of a fall from an allegedly defective shower chair. He thereafter

settled his claims with some of those defendants. Accordingly, on June 14, 2012, the trial court signed an "Agreed Take Nothing Judgment" providing that:

> BE IT REMEMBERED, that on this day came on to be heard the above-entitled and numbered case wherein ROBERT RUIZ, JR., is the Plaintiff, and APEX MEDICAL CORPORATION D/B/A CAREX HEALTH BRANDS (erroneously referred to as CAREX HEALTHBRANDS D/B/A APEX-CAREX HEALTHCARE PRODUCTS, INC.), MACPHERSONS, LTD. D/B/A MACPHERSONS PHARMACY AND MEDICAL EQUIPMENT, MORRIS & DICKSON, CO., L.L.C.[,] AND VILLA OF HARLINGEN D/B/A VILLA QUILT OF HARLINGEN are the Defendants; and the parties having announced by their attorneys of record, that all matters in controversy between the Plaintiff, ROBERT RUIZ, JR., AND Defendants, APEX MEDICAL CORPORATION D/B/A CAREX HEALTH BRANDS (erroneously referred to as CAREX HEALTHBRANDS D/B/A APEX-CAREX HEALTHCARE PRODUCTS, INC.), MACPHERSONS, LTD. D/B/A MACPHERSONS PHARMACY AND MEDICAL EQUIPMENT, MORRIS & DICKSON, CO., L.L.C.[,] AND VILLA OF HARLINGEN D/B/A VILLA QUILT OF HARLINGEN have been compromised and settled by agreement and that such agreement was to the effect that the Plaintiff take nothing against these Defendants.
>
> IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff take nothing by his suit, and that Defendants APEX MEDICAL CORPORATION D/B/A CAREX HEALTH BRANDS (erroneously referred to as CAREX HEALTHBRANDS D/B/A APEX-CAREX HEALTHCARE PRODUCTS, INC.), MACPHERSONS, LTD. D/B/A MACPHERSONS PHARMACY AND MEDICAL EQUIPMENT, MORRIS & DICKSON, CO., L.L.C.[,] AND VILLA OF HARLINGEN D/B/A VILLA QUILT OF HARLINGEN be in all things discharged and go hence without day.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs of court incurred herein are taxed against the party incurring same.
>
> All other relief not expressly granted herein is denied.

Thereafter, on August 27, 2012, Ruiz filed a motion for judgment nunc pro tunc alleging that there was a clerical error in the judgment. According to the motion, "the judgment indicates that it was signed by all parties and agreed to; however, Plaintiff struck through several lines of the judgment," and the judgment that was entered "does

not reflect the lines that were stricken and initialed by Plaintiff's attorney." Ruiz alleged that the lines that were struck were those including "Villa of Harlingen d/b/a Villa Quilt of Harlingen," and thus, "there was a mistake and an additional party's name was left in the judgment which should not have been there because there was no settlement with that party."[1] By response, Villa contended that the alleged mistake was not subject to correction and the trial court lacked jurisdiction to modify the agreed judgment. The trial court granted Ruiz's motion by written order signed on September 6, 2012, and, that same day, signed a nunc pro tunc judgment omitting "Villa of Harlingen d/b/a Villa Quilt of Harlingen."

This original proceeding ensued. By one issue, Villa contends that the alleged error was judicial rather than clerical in nature and accordingly, the trial court lacked jurisdiction to enter the nunc pro tunc judgment.[2] The Court requested and received a response to the petition for writ of mandamus from Ruiz, who also filed a motion for sanctions against relator.

## II. MANDAMUS

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to

---

[1] In his response to the petition for writ of mandamus, Ruiz alleged that he "did not realize the wrong Judgment had been entered until the end of August when [he] appeared for pre-trial and saw that the case was not on docket call."

[2] Relator filed a "Motion for Leave to File Petition for Writ of Mandamus" with his petition. Relator's motion for leave to file his petition for writ of mandamus is dismissed as moot. The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt.

correctly analyze or apply the law. *In re Cerberus Capital Mgmt.*, LP, 164 S.W.3d 379, 382 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Generally, mandamus is appropriate to set aside an order that is granted after the court's plenary power expires and is therefore void. *In re Daredia*, 317 S.W.3d 247, 250 (Tex. 2010) (orig. proceeding); *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998). Under these circumstances, a relator does not have an adequate remedy by appeal and is entitled to mandamus relief. *In re Daredia*, 317 S.W.3d at 250; *In re Dickason*, 987 S.W.2d at 571.

### III. ANALYSIS

Unless a motion has been filed that extends the trial court's plenary power, the trial court has plenary power for 30 days after a judgment is signed to grant a new trial or to vacate, modify, correct, or reform its judgment. TEX. R. CIV. P. 329b(d). Once a trial court's plenary power expires, it cannot set its judgment aside except by a bill of review for sufficient cause. *Id.* R. 329b(f). By exception to this general rule, the trial court can correct clerical errors by judgment nunc pro tunc even after it loses plenary power. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986); *see* TEX. R. CIV. P. 316, 329b(f). A clerical error results when there is a discrepancy between the entry of judgment in the official record and the judgment as it was actually rendered. *Universal Underwriters Ins. Co. v. Ferguson*, 471 S.W.2d 28, 29–30 (Tex. 1971). A clerical error is not a substantive change in the judgment. *Dickens v. Willis*, 957 S.W.2d 657, 659 (Tex. App.—Austin 1997, no pet.).

In contrast, if a trial court attempts to correct a judicial error by signing a judgment nunc pro tunc after the expiration of its plenary power, the judgment is void.

4

*Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973). A judicial error is an error in rendering the judgment. *In re Daredia*, 317 S.W.3d at 249; *Escobar*, 711 S.W.2d at 231. It arises from a mistake of law or fact that requires judicial reasoning or determination to correct. *LaGoye v. Victoria Wood Condo. Ass'n*, 112 S.W.3d 777, 783 (Tex. App.—Houston [14th Dist.] 2003, no pet.). "[I]f the judgment entered is the same as the judgment rendered, regardless of whether the rendition was incorrect, a trial court has no nunc pro tunc power to correct or modify the entered judgment after its plenary jurisdiction expires." *Hernandez v. Lopez*, 288 S.W.3d 180, 187 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (op. on rehearing). Whether an error in a judgment is clerical or judicial is a question of law. *Escobar*, 711 S.W.2d at 232.

In the instant case, the judgment nunc pro tunc was entered after the expiration of the trial court's plenary power, and accordingly, we must determine whether the alleged error in the original judgment was clerical or judicial in nature. We conclude that the inclusion of Villa in the agreed judgment was a judicial error. The law is clear that a drafting error by a party's attorney does not constitute a "clerical error." *In re Fuselier*, 56 S.W.3d 265, 268 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *see also Mathes v. Kelton*, 569 S.W.2d 876, 877 (Tex. 1978) (illustrating, as an example of judicial error not correctable by judgment nunc pro tunc, the judicial determination that the terms of a rendered judgment should be changed); *LaGoye*, 112 S.W.3d at 784 (holding that the correction of a judgment to add a party was judicial error not subject to correction by nunc pro tunc judgment); *In re Rollins Leasing, Inc.*, 987 S.W.2d 633, 637 (Tex. App.—Houston [14th Dist.] 1999) (orig. proceeding) (holding that the correction of

5

a judgment to reflect dismissal of only one defendant rather than two was judicial error not correctable by judgment nunc pro tunc).

"[P]rovisions alleged to have been inserted [in the judgment] by mistake of the attorney nevertheless become a part of the court's judgment and therefore are judicial errors when thus rendered in writing by the court." *In re Daredia*, 317 S.W.3d at 249 (quoting *Dikeman*, 490 S.W.2d at 185–86). When someone other than the trial court prepares a proposed written order or judgment that reflects a mistake, and the trial court, without having already rendered judgment, signs the proposed order or judgment, the mistake becomes part of the court's judgment as actually rendered and it is therefore a judicial error rather than a clerical error. *See id.*

We conclude that the error in this case, being judicial in nature, could not be corrected by nunc pro tunc judgment after the expiration of the trial court's plenary jurisdiction. Because the trial court attempted to correct a judicial error by signing a judgment nunc pro tunc after its plenary power expired, the judgment nunc pro tunc is void. *See Dikeman*, 490 S.W.2d at 186.

### IV. MOTION FOR SANCTIONS

As mentioned previously, Ruiz filed a motion for sanctions against relator on grounds that relator omitted portions of the reporter's record, "grossly misstated and omitted material facts and evidence," and brought the petition "solely for delay." Relator further asserts that the petition is groundless.

We first address Ruiz's complaint that relator failed to file the reporter's record for the hearing on the motion for nunc pro tunc judgment. The appellate rules require relator to file "a properly authenticated transcript of any relevant testimony from any

6

underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a)(2). Relator failed to file a transcript or a statement that no testimony was adduced with his record for this original proceeding. However, under the facts and law at issue in this case, relator's failure does not preclude mandamus relief. *See, e.g., In re 24R, Inc.*, 324 S.W.3d 564, 568 (Tex. 2010) (orig. proceeding) (rejecting real party's contention that mandamus should be denied where relators failed to file transcript or statement because the appellate rules require relators to file only "relevant" transcripts of testimony). In the instant case, Ruiz makes no argument from which we could discern that the transcript is relevant to our determination in this matter. Moreover, Ruiz does not contend that the hearing was evidentiary in nature. *See, e.g., Barton v. Gillespie*, 178 S.W.3d 121, 127 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (allowing evidence at nunc pro tunc hearing in the form of oral testimony, written documents, previous judgments, docket entries, or the trial judge's personal recollection). Finally, we note that Ruiz has not supplemented the record with the transcript. *See* TEX. R. APP. P. 52.7(b) (allowing "relator or any other party to the proceeding to file additional materials for inclusion in the record").

Ruiz further contends that relator failed to inform this Court in its petition for writ of mandamus that it had not settled Ruiz's claims against it, and the petition thus "grossly misstated and omitted material facts." Upon review, however, relator's petition did not address settlement issues between the parties, and the petition for writ of mandamus accurately represented the factual underpinnings of relator's claim.

Finally, given our disposition of this petition, Ruiz's allegations that the petition for writ of mandamus is groundless or was brought solely for purposes of delay are without merit. We deny the motion for sanctions.

## V. CONCLUSION

We conclude that the trial court abused its discretion in setting aside a judgment after its plenary power expired. *See id.* Relator has no adequate remedy by law. *See In re Dickason*, 987 S.W.2d at 571. Accordingly, the Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that the petition for writ of mandamus should be and is conditionally granted.

IT IS SO ORDERED.

_____
ROGELIO VALDEZ
CHIEF JUSTICE

Delivered and filed the
2nd day of November, 2012.