# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00431-CV

**Barbara A. Garrett and Nelson Gene Garrett, Appellants**

**v.**

**Shay Brinkley and Robin Brinkley, Appellees**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 41164, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment in a declaratory judgment action involving a disputed road easement. Barbara A. Garrett and her husband Nelson Gene Garrett own land adjoining that of Shay Brinkley and his wife Robin Brinkley. The Brinkleys use a road that crosses the Garretts' property to access a public road. The Garretts filed this action seeking a judgment declaring that the Brinkleys did not have an easement to cross the Garretts' property. The Brinkleys filed a no-evidence motion for summary judgment, which the trial court granted. The Garretts appeal. We will affirm.

## BACKGROUND

In 1945, a previous landowner obtained an access easement allowing him to cross ranch land that lay between his ranch and a public road. The recorded easement did not contain a metes and bounds description of the easement, and everyone who was a party to the easement is deceased.

Over time, the Brinkleys came to own a portion of the landowner's dominant estate, and the Garretts came to own a portion of one of the three ranches in question over which the easement purportedly crossed. The Brinkleys continue to use a road, a portion of which crosses the Garretts' property, to access a public road, claiming the right under the easement acquired by their predecessor. The Garretts dispute that the road used by the Brinkleys is the access previously acquired. They sought a judgment to declare that the Brinkleys' easement does not cross the Garrett ranch and to enjoin the Brinkleys from using the road that crosses the Garrett property. The Garretts' pleadings allege that the Brinkleys' use of the route is without permission, "the pathway in question does not exist," and "the Brinkleys do not have a right to use said pathway." Thus, to obtain their relief, they had the burden to prove that the road used by the Brinkleys is not the easement route.

Ten months after the lawsuit was filed, and after discovery had been undertaken and answered, the Brinkleys filed a no-evidence motion for summary judgment. The Garretts responded with three interested fact-witness affidavits and an affidavit from an expert witness. The Brinkleys asserted numerous objections to the four affidavits, all of which were granted. The trial court also granted the Brinkleys' motion for summary judgment.

The Garretts appeal from the summary judgment denying their claim. They assert three issues: (1) the trial court erred by granting the motion for summary judgment; (2) the trial court erred by excluding their expert's affidavit on the ground that it was based upon hearsay or inadmissible evidence; and (3) the trial court erred by sustaining the objection to the expert's affidavit.

2

*Standard of review*

A no-evidence motion for summary judgment must be granted if, after an adequate time for discovery, the moving party asserts that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial, and the nonmovant fails to produce more than a scintilla of summary judgment proof raising a genuine issue of material fact on those elements. Tex. R. Civ. P. 166a(i). We examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion to determine whether more than a scintilla of evidence was presented on the elements of the nonmovant's claim. *City of Keller v. Wilson*, 168 S.W.3d 802, 825 (Tex. 2005); *Alder v. Laurel*, 82 S.W.3d 372, 374 (Tex. App.—Austin 2002, no pet.). Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). We review the trial court's decision de novo. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994).

## DISCUSSION

A hearing on the record was held, at which time the trial court considered the Brinkleys' objections to the Garretts' affidavits and ruled on the Brinkleys' motion for summary judgment. The trial court sustained multiple written objections urged by the Brinkleys and struck large portions of the affidavits of the three interested fact witnesses, but the Garretts do not challenge these rulings. Instead, in one paragraph of their brief they argue that the remaining portion of one affidavit by Linda Meador Lucksinger, Mrs. Garrett's sister, is enough to raise a material fact issue.

In her affidavit, Lucksinger states that she was present at her parents' home in December 1988 when a man named William Hanszen came to the home asking her father to sign a deeded easement, giving Hanszen an easement across her father's pasture for easier access to his land, and her father refused. The Garretts contend that this raises the issue of why Hanszen would seek an easement if he already had one. However, this statement is no evidence as to the location of the pasture in question, what pasture Hanszen wanted to cross, what land Hanszen wanted to access, or how the requested easement relates in any way to the easement that is the subject of this litigation. Thus, we hold it is less than a scintilla of evidence of the Garretts' claim and constitutes mere surmise or suspicion. After judgment, the Garretts attached to their motion for new trial a "revised" affidavit from another witness, without requesting or receiving leave of court, but that affidavit was not before the court and cannot be considered.

The Garretts primarily complain on appeal that the trial court improperly struck the affidavit of their expert, Holt Carson, whose affidavit reflects that he is a registered professional land surveyor. The Garretts contend that the trial court struck the affidavit because the surveyor lacked personal knowledge about the facts contained therein and because his opinion and the matters on which he testified were based on hearsay. Most of their brief is directed to their argument that these grounds should not bar the expert's opinion and, therefore, striking the affidavit was error. They contend that, as an expert, Carson was not required to have personal knowledge, and the basis for his testimony was an exception to the hearsay rule. Our review of the record reflects that counsel for the parties argued to the court about hearsay and personal knowledge, and that the trial court questioned the reliability of Carson's testimony in its ruling.

4

The record further shows, however, that the Brinkleys objected in writing to Holt Carson's affidavit only on one ground. They objected to the concealment of the existence and opinions of the expert without previous disclosure; they alleged that by filing an expert's affidavit and relying on it without previous disclosure, the Garretts violated the rules of discovery and thus, the affidavit should be struck for abuse of discovery under Texas Rule of Civil Procedure 215. The trial court sustained this objection. The Brinkleys contend that Carson's affidavit was properly struck for discovery abuse and, therefore, the contents and merits of the affidavit were properly excluded. *See* Tex. R. Civ. P. 215.2(b)(4). A trial court's decision to exclude an expert's testimony is reviewed for abuse of discretion. *United Blood Servs. v. Longoria*, 938 S. W.2d 29, 30 (Tex. 1997).

The Brinkleys inquired about expert witnesses in their Request for Disclosures, and the Garretts responded to the discovery request by stating, "No expert testimony is anticipated at this time." The Brinkleys' inquiry and the Garretts' response is in the record of the hearing. The record does not reflect that the Garretts ever amended their response to designate any expert witness or expert testimony, or that Carson was ever disclosed or designated as an expert witness, even untimely. The subject matter of his expert testimony, his qualifications, his opinions, and the basis of his opinions were never properly disclosed to the Brinkleys. *See* Tex. R. Civ. P. 194.2(f). The Brinkleys objected to Carson's affidavit on the basis that the Garretts concealed the expert's existence and opinions, despite the Brinkleys' request for disclosure, and did not reveal the expert's existence or opinions until filing his affidavit nine days before the summary-judgment hearing. For these reasons, the Brinkleys asserted that the Garretts had violated discovery rules, and the Brinkleys requested that Carson's affidavit be struck under Rule 215. *See Fort Brown Villas III Condo. Ass'n,*

5

*Inc. v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009) (no abuse of discretion in striking expert's affidavit when expert first disclosed in response to no-evidence summary judgment motion).

We note that at one point in the hearing, the Garretts' attorney stated, "And, Your Honor, I also did supplement request for disclosures and added him as an expert and I sent that to him after." This was the only attempt to counter the Brinkleys' objection and motion to strike. The Garretts made no further argument on the point, and the record contains no proof of the fact. Later in the hearing, the Brinkleys' attorney stated, "Judge, I think that you have focused in on the issue with the expert affidavit, and that's assuming you consider it at all, because [Garretts' attorney], I mean, while you were reading I think he kind of acknowledges that the proper discovery has not been followed and under Rule 215 the exclusion is automatic and so the expert affidavit should not be considered at all." The Garretts did not respond or counter. Later still, the Brinkleys' attorney argued, "The expert affidavit should be . . . excluded under 215. . . ." The Garretts did not demonstrate or attempt to demonstrate that discovery was supplemented to include their expert. Their brief on appeal contains only the one sentence from the attorney quoted above.

The record of the hearing reflects argument by counsel and discussions with the court concerning the contents of the surveyor's affidavit and the basis for his testimony, including the question of hearsay, personal knowledge, and reliability. The court and counsel also examined the summary-judgment proof in an unsuccessful effort to try to locate the easement on the map, even considering the expert's affidavit. Nevertheless, the basis of the trial court's ruling can rest upon the ground alleged in the written motion—violation of the discovery rules and sanction for abuse under Rule 215. The Brinkleys objected on this basis in writing, and the trial court granted

6

the Brinkleys' objection in writing.  The record contains nothing to show that the court erred by granting the objection to the expert's affidavit and striking it pursuant to Rule 215.

## CONCLUSION

We hold that striking the expert's affidavit was proper under Rule 215.  We hold that the Lucksinger affidavit was not evidence proving that the road used by the Brinkleys was without consent and not the easement path.  Because the Garretts presented no evidence in support of their cause of action, the summary judgment was proper.  We overrule the complaints raised by the Garretts.  We affirm the summary judgment.

_____

Marilyn Aboussie, Justice

Before Chief Justice Rose, Justices Bourland and Aboussie*

Affirmed

Filed:   January 15, 2016


* Before Marilyn Aboussie, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

7